## J. M. RADFORD GROCERY CO. v. OWENBY.

### No. 2473.

Court of Civil Appeals of Texas. El Paso. Dec. 18, 1930.

W. E. Lessing, of Abilene, for appellant.

Lackey & Lackey, of Stinnett, for appellee.

PELPHREY, C. J.

Appellant filed this suit against appellee, the sheriff of Hutchinson county, Tex., seeking to recover from him the amount of a demand it had against one Wm. Craig, or, in the alternative, the value of an automobile described in an order of sale issued by the county court of Taylor county. Appellant brought suit against the said Wm. Craig for the sum of $521.48, and sued out an attachment against certain property of Craig, including one Ford sedan.

Appellant later filed its application to have the attached property sold to stop the expense of keeping same and to prevent its depreciation. Appellant alleges that appellee became liable to it by failing and refusing to make return on said order of sale.

The trial court sustained the general and special demurrers of appellee to appellant's motion and dismissed the cause.

This appeal has been perfected from such judgment.

### Opinion.

Appellant presents the following three propositions which it argues should cause a reversal of the judgment:

"An order of sale commanding an officer to sell property taken by him under attachment is an execution within the terms of article 3826, Revised Statutes 1925, and his failure to make return is sufficient to support a motion for the amount under article 3825, Revised Statutes 1925."

"In an action against an officer for failure to make return on an order of sale in attachment when it is shown that the defendant in attachment is not a resident of the State of Texas and that the levy of the writ of attachment is necessary to the jurisdiction of the court, a judgment against the defendant in attachment is not a necessary

predicate to a recovery against the officer for failing to return into court the proceeds of the property taken under attachment and ordered by the court to be sold."

"Where it is shown that the defendant in attachment is without the state and the jurisdiction of the court is by virtue of the proceeding in rem, the act of the officer holding the property under attachment in permitting its loss, renders such officer liable to the plaintiff in attachment for the value of the property in litigation."

Appellee, on the other hand, asks that the appeal be dismissed because the transcript fails to show that any order of sale was ever issued, and because Craig being a party to the suit, and there being no disposition as to him, the case is not such a case as can be appealed.

Appellee further interposes an objection to our consideration of the statement of facts because it comes to us in question and answer form and no reason shown why it should have been thus prepared.

Under his cross-assignments, appellee argues that appellant having failed to allege and prove that it has recovered judgment against Craig and that he had no assets from which such judgment could be collected, and that some failure on the part of appellee was the proximate cause of the loss of its debt and judgment, the trial court properly sustained the demurrers to the motion.

Appellant's petition reads as follows:

"That heretofore on the 18th day of March, A. D. 1927, a writ of attachment was issued directed to the sheriff or any constable of Hutchinson County, Texas, commanding him to seize and take into his possession a sufficient amount of property belonging to the defendant Wm. Craig, to make the sum of $521.48, with interest from the said 18th day of March, 1927, at ten per cent per annum and ten per cent thereof as attorney's fees, which said writ was placed in the hands of Joe Owenby as sheriff of Hutchinson County on the 21st day of March A. D. 1927, who, as such sheriff, did levy upon and take into his possession certain property belonging to the said Wm. Craig, as follows: One Ford Sedan automobile, Engine No. 11467384 as shown by the return of said Sheriff on said writ duly filed herein and referred to for all purposes. That thereafter on the 20th day of May A. D. 1927, the plaintiff herein made application to this court for an order to sell said property and have the proceeds thereof returned to this court as provided by law, which application was on the 20th day of May, A. D. 1927, granted by this court and the Clerk thereby directed to issue an order of sale to the sheriff of Hutchinson County, Texas, commanding him to sell said property described in the return on said attachment as under execution; that in pursuance of such order of this court the clerk of this court did on the 20th day of May A. D. 1927, issue an order of sale directed to Joe Owenby, Sheriff of Hutchinson County, Texas, commanding him to advertise said property and sell the same as under execution and to return the proceeds thereof to this court within five days after such sale together with a statement signed by him officially showing the time and place, the amount realized, the name of the purchaser and an itemized statement of his expenses. And further commanding said officer to make due return as the law directs, which said order of sale was duly delivered to the said Joe Owenby as Sheriff of Hutchinson County, Texas, on or about the 24th day of May A. D. 1927. That said officer has failed and refused to make return on said order of sale or to in any manner account for the Ford Automobile described herein.

"Wherefore, this plaintiff prays that notice be issued herein by this court to the said Joe Owenby sheriff of Hutchinson County, commanding him to be and appear before this court on the first day of the next term hereof and then and there to show cause why he should not be compelled to pay the amount of this plaintiff's demand or the value of the property described in said order of sale."

This was not an independent suit, but was clearly an effort to hold appellee liable under the provisions of article 3826, Revised Statutes 1925. The article reads:

"Should an officer neglect or refuse to return any execution as required by law, or should he make a false return thereon, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, interest and costs to be recovered as provided in the preceding article."

The preceding article provides that the recovery shall be on motion before the court from which the execution issued, five days' previous notice thereof being given to said officer and his sureties.

■ This statute, authorizing summary proceedings, is in some degree penal in its character, and must be construed strictly in favor of the party to be affected by it, Hamilton v. Ward, 4 Tex. 356, and we are of the opinion that such statute does not apply under the facts presented here.

■ There is a well-recognized difference between an attachment and an execution.

"An attachment has but few of the attributes of an execution; the execution contemplated by the statute being the judicial process for obtaining the debt or damages recovered by judgment, and final in its character, while the attachment is but mesne process, liable at any time to be dissolved, and the judgment upon which may or may not affect the property seized." Wilder v.

Inter-Island Steam Nav. Co., 211 U. S. 239, 29 S. Ct. 58, 61, 53 L. Ed. 164, 15 Ann. Cas. 127.

By the provisions of our statute it is the duty of an officer, when he collects money on execution, to pay the same to the party entitled thereto at the earliest opportunity. Article 3824, Revised Statutes 1925, while under a sale of attachment property, such as we have here, the duty of the officer is to pay over the proceeds to the clerk of the court, or justice of the peace, before whom the suit is pending.

Under an attachment the property of the defendant is placed in the custody of the law to await the final determination of the suit, and it is really a preliminary execution dependent for its ultimate efficacy upon the rendering of the judgment in favor of the plaintiff.

On the other hand, an execution is a remedy afforded by law for the enforcement of a judgment of the court.

We fail to see how under facts such as are here presented, and under a strict construction of the statute, appellee could be made to respond to appellant by virtue of a statute which renders him liable only in case he fails or refuses to make return under an execution.

The motion should have been refused, and the judgment of the trial court is affirmed.