## HUFF v. MATULA.
### No. 9040.

Court of Civil Appeals of Texas. San Antonio.

March 29, 1933.

Hicks, Dickson, Bobbitt & Lange, of San Antonio, for appellant.

Will H. Radford and W. T. Scarborough, both of Kenedy, for appellee.

SMITH, Justice.

This appeal is from a judgment rendered in favor of H. N. Matula against R. O. Huff, as administrator de bonis non of the estate of A. Y. Baker, deceased. It was alleged that Baker, as sheriff of Hidalgo county, had failed to execute or make due return of an order of sale issued upon a judgment rendered in the county court of Karnes county and directed to the sheriff of Hidalgo county. The action was in the form of a motion filed in the original suit, upon the authority of articles 3825 and 3826, R. S. 1925, as follows:

Article 3825: "Should an officer fail or refuse to levy upon or sell any property subject to execution, when the same might have been done, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, interest and costs, to be recovered on motion before the court from which said execution issued, five days previous notice thereof being given to said officer and his sureties."

Article 3826: "*Failure to Return Execution.* —Should an officer neglect or refuse to return any execution as required by law, or should he make a false return thereon, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, interest and costs to be recovered as provided in the preceding article."

The record is incomplete and unsatisfactory, particularly the "agreed statement of facts" incorporated in the transcript. The whole case rests upon certain letters, return registry receipts, order of sale, judgment, and the like, none of which, or the purported contents thereof, are set out in the record, in substance or otherwise. In said "agreed statement" reference is made to appellant's general demurrer, and appellant relies for reversal largely upon the court's rulings thereon, but those pleadings are not incorporated in the transcript, nor is any order made concerning the general demurrer. The only defensive pleading in the record is a plea in abatement and answer of the City Central Bank & Trust Company as independent executor of the Baker estate.

It is asserted in appellant's brief that appellant had adopted the above pleading, but the record does not show such adoption or explain the presence, or purpose, or authority of appellant in the case. So far as the record shows, he was a complete stranger in the case when judgment was rendered against him, was never impleaded in the case, never himself appeared therein by any sort of writing until he filed a motion for new trial. It is doubtful if anything is presented for review by such a scanty record.

■■■ It seems, however, that the very meagerness of the record requires reversal. . For example, while it appears that the judgment recovered against the estate of A. Y. Baker is for an alleged dereliction of the said Baker

while sheriff of Hidalgo county, yet there is no proof that Baker was ever such sheriff, and particularly it is not shown that he was such at the time of the alleged dereliction. This failure of specific proof is fatal, for in the enforcement of such a drastic remedy as that pursued here the procedure therein must be strictly construed and pursued, and mere presumptions or inferences may not be invoked to sustain the penalty fixed by the statute. Hamilton v. Ward, 4 Tex. 356; J. M. Radford Grocery Co. v. Owenby (Tex. Civ. App.) 34 S.W.(2d) 385.

So was the evidence insufficient, in that it nowhere appears that the order of sale was sent to Baker, or received by him. The agreed statement shows that the order of sale and numerous letters were sent by mail to the sheriff of Hidalgo county, and postal registry receipts therefor were returned duly signed, but it does not appear that Baker was in fact sheriff at that or any other time, or that he received those papers or signed the receipts therefor in person or by deputy. Obviously, such record does not adequately support a judgment based upon such a harsh remedy as that invoked here.

Appellant contends that the cause of action asserted does not survive the death of the person accused of dereliction, but we overrule that contention. The alleged injury being to the property rather than to the person of the complainant, an action thereon for damages survives, although purely statutory and somewhat penal in its nature. 1 Tex. Jur. p. 30, § 13.

The judgment is reversed, and the cause remanded.