**JOHNSON v. HENDERSON et al.**

No. 1933.

Court of Civil Appeals of Texas. Eastland.

Oct. 6, 1939.

Massey & Mobley, of Abilene, for appellant.

Cox & Hayden and Smith & Eplen, all of Abilene, for appellees.

GRISSOM, Justice.

Opal Johnson filed this suit in a Justice Court of Taylor County against Blanche Henderson, a non-resident of Texas, for damages resulting from an automobile collision which occurred while Miss Henderson was driving her automobile upon a public highway in Texas. (Art. 2039a, Vernon's Tex.Civ.St.1936.) Plaintiff caused an attachment to be issued and placed in the hands of Constable W. T. McQuary for service. The Henderson automobile, "disassembled" and scattered over the garage floor, was in the possession of a motor company and being repaired by it when found by the Constable. The motor company advised the Constable that it would have a large bill "against the car for repairing it." The Constable advised the motor company of the attachment and told the motor company "he wanted it held under the writ of attachment." Citation was issued for defendant

and service had on the Chairman of the State Highway Commission. The judgment in the Justice Court was for plaintiff against defendant for $175, but the writ of attachment was quashed. From this judgment, plaintiff perfected her appeal to the County Court of Taylor County. After the case was appealed plaintiff, with permission of the court, substituted a bond for the original attachment bond.

Upon a trial in the County Court on the 19th day of April, 1938, defendant, Blanche Henderson, failed to appear and the court, a jury being waived, heard evidence and rendered judgment for plaintiff against defendant for $199, for costs and foreclosure of the attachment lien. Order of sale was issued and placed in the hands of said Constable for service. The Constable made return on the order of sale to the effect that the property had been removed from the possession of the Motor Company and apparently had been stolen. On the 19th day of May, 1938, plaintiff filed motion for judgment under Art. 3799, R. S.1925, against the Constable and his surety, the Maryland Casualty Company, asking judgment for $200 plus 10% penalty. Service of notice of said motion was had upon the Constable and surety. Motion by amicus curiae was then filed, alleging in substance that the motion against the Constable should be dismissed because Art. 3799 authorized such proceeding only in case of execution, and did not apply to attachments. The amicus curiae motion was overruled. Answers were filed by the Constable and his surety.

On the 15th day of June, 1938, the court heard and considered the motion of plaintiff against the Constable and his surety, and their answers contesting said proceeding, wherein, among other things, the Constable and his surety moved the court to set aside the original judgment and the order substituting the attachment bond. The judgment recited "And came all parties to this suit and prayed for general relief." The court entered judgment setting aside and vacating the judgment by default theretofore (but at the same term of court) rendered against defendant, Blanche Henderson, and further ordered that "all other judgments, decrees and orders entered in this cause by this court since this record was filed herein, be and the same are hereby in all respects set aside and held for naught, and it is ordered plaintiff take nothing by virtue of her suit, and that the original defendant,

Blanche Henderson, and the Constable W. T. McQuary and * * * The Maryland Casualty Company all go hence without day and recover their costs * * *." From the judgment rendered plaintiff has appealed to this court. On plaintiff's request the court filed findings of fact and conclusions of law.

The court found the facts, in substance, as follows:

That the Constable went to the motor company and found "what purported to be the car of the defendant which had been disassembled, and was scattered over the workshop"; that he talked "to the manager of the garage who said he would have a large bill against the car for repairing it. The Constable told the owner he wanted it held under the writ of attachment. The Constable then made a return of the writ to the effect he had attached the car, but the facts were he did not take charge of the car, but told the owner of the garage that it was attached as the property of Blanche Henderson. The court finds that the writ of attachment was never executed because the Constable did not take charge of the property. After the car was repaired the garage man delivered it to the defendant on payment of his bill."

The court further found that the attachment proceedings were quashed *in the Justice Court* because the attachment bond was executed by a married woman as a surety without the joinder of her husband. The Court found "There is no evidence in the case to show whether or not the car was released before or after the said attachment was quashed in Justice Court." The court found that citation was properly served "except that there was no evidence that a copy of the citation was sent to Miss Henderson by registered mail." The court found that on the trial of the case on the 19th day of April, 1938, the following facts were proved:

"a. That on or about the 22nd day of December, 1937, the plaintiff was driving her automobile on the Texas State Highway in Taylor County, Texas, a few miles east of the City of Abilene, in a careful and prudent manner and that at said time and place she met the defendant, who was operating her car in a negligent and careless manner in that she was passing a truck on a hill, was driving on the left

to her side of the highway, and was driving at an excessive rate of speed.

"b. That by reason of such negligence on the part of the defendant, the plaintiff's car was run into and struck and that the said plaintiff's car was of the reasonable market value after the accident of $200 less than immediately prior to the accident.

"c. That writ of attachment was issued out of the Justice Court in the suit, and was returned regular on its face, and the property shown to have been attached, at the time of such levy, was reasonably worth $200.

"7. That thereupon the court entered judgment for the plaintiff, Mrs. Opal Johnson for the sum of $199 for costs of suit, and for a foreclosure on and of her attachment lien, which judgment was later at the same term of court set aside.

"8. That in due time Order of Sale was issued on said attached property and was returned by the Constable, with the notation:

'failing to find the within described property. Looks like someone stole this property—it is not here in Taylor County.'.

"9. That thereafter during the same term of court the plaintiff filed motion for judgment against the said Constable, W. T. McQuary, and his bondsman the Maryland Casualty Company for judgment as provided by Article 3799, Revised Civil Statutes of Texas.

"10. That thereupon answer and appearance were entered in said motion by Cox & Hayden as attorneys for W. T. McQuary, Constable, and by Smith & Eplen as attorneys for Maryland Casualty Company.

"11. That upon a hearing on the said motion all of the above facts were stipulated and agreed by the attorneys for the parties, and it was further agreed that the attached automobile was removed from the garage of Allison-Stevens Motor Company by the defendant."

The court further found that after the institution of suit plaintiff assigned her cause of action to her attorney, Frank Massey. That plaintiff had a policy of "collision insurance" and had collected the amount due her under such policy. That the original attachment bond was signed by a married woman; that Blanche Henderson had no property within the jurisdiction of the court.

The court's conclusions of law were in substance as follows: (1) When the plaintiff accepted settlement with her insurance carrier, with which she carried a "collision insurance" policy, her claim against Blanche Henderson was settled and she had no interest to assign to Frank Massey "and her rights became moot, and the suit could not be further prosecuted." (2) That the attachment bond in Justice Court was defective because one of the sureties was a married woman, and there was no authority in law for curing such defect by substituting the bond in the county court. (3) That the attachment having been quashed, and the property released, the Constable could not be held liable for the property and, therefore, his surety was likewise not liable. (4) That no attachment was effected "because the property was not taken possession of by the Constable."

■■ Appellees have filed in this court a motion to dismiss the appeal because the judgment fails to show either exception or notice of appeal by plaintiff. The judgment does show exception and notice of appeal by "defendant." Since the defendants had completely won their case, it is apparent that writing the word "defendant" in the judgment in connection with the exception and notice of appeal, instead of the word "plaintiff," was a typographical error. However, appellant has filed in this court an affidavit by the judge who tried the case showing that, in fact, it was the plaintiff who excepted and gave notice of appeal. This court is authorized by affidavit, or otherwise, to ascertain whether or not it has jurisdiction. The appellees' motion to dismiss is, therefore, overruled. Western Union Telegraph Co. v. O'Keefe, 87 Tex. 423, 28 S. W. 945; O'Neil v. Duffey, Tex.Civ.App., 250 S.W. 772; 3 Tex.Jur. 289.

■ The court departed from the procedure evidently contemplated by the statutes authorizing proceedings by motion against officers for failure to perform, and negligence in performing, duties relative to service of process when it set aside its former judgment and orders in the main case and rendered judgment directly the reverse of its former judgment, and also rendered judgment on the motion against the officer and his surety. However, this was done at the same term of court. The court had the inherent power to do so since it had control of said judg-

ment until the end of that term of court. Townes v. Lattimore, 114 Tex. 511, 272 S. W. 435; Wear v. McCallum, 119 Tex. 473, 33 S.W.2d 723; Dittman v. Model Baking Co., Tex.Com.App., 271 S.W. 75; 25 Tex. Jur. 545 et seq.; 3 Tex.Jur. 1086; Handy v. Olney Oil & Ref. Co., Tex.Civ.App., 68. S.W.2d 313, writ refused; Blain v. Broussard, Tex.Civ.App., 99 S.W.2d 993, 995; Kentz v. Kentz, Tex.Civ.App., 209 S.W. 200, 201; Blackburn v. Knight, 81 Tex. 326, 16 S.W. 1075; F. C. Crane Co. v. Gosdin, Tex.Civ.App., 94 S.W.2d 221, 223.

■ The court must have believed that service of citation on the nonresident defendant was properly had. However, in its findings of fact the court said: "Citation was served on Blanche Henderson who was a resident of the State of New York on the Chairman of the State Highway Commission of the State of Texas which appeared to be in conformity with the statute, *except that there was no evidence that a copy of the citation was sent to Miss Henderson by registered mail.*" (Italics ours.) This does not show a failure of service.

Article 2039a (Acts 1929, 41st Leg. p. 279, ch. 125, as amended Acts 1933, 43d Leg. p. 145, ch. 70) provides for service of citation on a nonresident defendant whose use of a Texas Highway has resulted in an automobile collision by leaving a certified copy of the process in the hands of the Chairman of the State Highway Commission. This was done. The italicized portion of the findings of fact evidently have reference to the provision of said' statute which requires the Chairman of the Highway Commission to send to the nonresident defendant "notice of such service and a copy of the process." Section 5 of said Article concludes " * * the presumption shall obtain, unless rebutted, that such process was transmitted by the Chairman of the State Highway Commission and received by the defendant * * *." It results, in the absence of evidence relative thereto, that such presumption· is effective to ·establish such fact.

■ The law applicable to the finding of fact and conclusion of law with reference to plaintiff collecting for damages to her automobile from her insurer is stated in 42 C.J. p. 803, sec. 383, as follows: "In accordance with the general rules pertaining to the subrogation of insurance companies, insurer of an automobile against accidental collision who pays to insured the amount of the damage, is subrogated to all of insured's rights of action against third persons who may be responsible for the loss. This subrogation takes place by operation of law and irrespective of any express stipulation to that effect in the policy." Also, see 24 Tex.Jur. p. 1179; 60 C.J. p. 728, sec. 37; Propeck v. Farmers' Mutual Ins. Ass'n, Tex.Civ.App., 65 S.W.2d 390.

■ Under such finding by the trial court, which in the absence of a statement of facts we must presume to be·fully supported by the evidence and oral pleadings, plaintiff was not entitled to recover from the defendant. In connection with the decision that plaintiff having settled with her insurer for her damages resulting from the automobile collision, her insurer became .subrogated to her cause of action for damages, if any, against the defendant, we call attention to the following authorities: Oldham v. Medearis, 90 Tex. 506, 39 S.W. 919; Hines v. Kansas City Life Ins. Co., Tex.Civ.App., 260 S.W. 688; Kansas Flour Mills Corp. v. McDonald, Tex.Civ.App., 32 S.W.2d 890; 41 Tex.Jur. 1272. The court having found *that plaintiff collected the sums due her* by her insurer as a result of the automobile collision and having concluded that her claim against plaintiff had been settled, and that thereafter plaintiff had no claim to assign, and having rendered judgment that plaintiff do not recover of defendant, we understand the rule to be, under the situation here disclosed, that in support of the court's action we should assume that *plaintiff's collection from her insurer was equal to, or greater than,* her claim against defendant. In any event, appellant has not shown to the contrary and must, we think, do so to show error.

In J. M. Radford Grocery Co. v. Owenby, Tex.Civ.App., 34 S.W.2d 385, 386, it was held that an officer who had failed to make return of an order of sale of ·attached property was not liable under the provisions of a statute having reference to execution. The statute in question was Art. 3826, which provides: "Should an officer neglect or refuse to return any execution as required by law, or should he make a false return thereon, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, interest and· costs to be re-

covered as provided in the preceding article."

The court said:

"The preceding article provides that the recovery shall be on motion before the court from which the execution issued, five days' previous notice thereof being given to said officer and his sureties.

"This statute, authorizing summary proceedings, is in some degree penal in its character, and must be construed strictly in favor of the party to be affected by it. Hamilton v. Ward, 4 Tex. 356, and we are of the opinion that such statute does not apply under the facts presented here.

"There is a well-recognized difference between an attachment and an execution.

"'An attachment has but few of the attributes of an execution; the execution contemplated by the statute being the judicial process for obtaining the debt or damages recovered by judgment, and final in its character, while the attachment is but mesne process, liable at any time to be dissolved, and the judgment upon which may or may not affect the property seized.' Wilder v. Inter-Island Steam Nav. Co., 211 U.S. 239, 29 S.Ct. 58, 61, 53 L. Ed. 164, 15 Ann.Cas. 127.

"By the provisions of our statute it is the duty of an officer, when he collects money on execution, to pay the same to the party entitled thereto at the earliest opportunity. Article 3824, Revised Statutes 1925, while under a sale of attachment property, such as we have here, the duty of the officer is to pay over the proceeds to the clerk of the court, or justice of the peace, before whom the suit is pending.

"Under an attachment the property of the defendant is placed in the custody of the law to await the final determination of the suit, and it is really a preliminary execution dependent for its ultimate efficacy upon the rendering of the judgment in favor of the plaintiff.

"On the other hand, an execution is a remedy afforded by law for the enforcement of a judgment of the court.

"We fail to see how under facts such as are here presented, and under a strict construction of the statute, appellee could be made to respond to appellant by virtue of a statute which renders him liable only in case he fails or refuses to make return under an execution."

In the instant case the motion against the Constable and his surety was expressly based on Art. 3799: "The officer shall keep securely all personal property levied on by him for which no delivery bond has been given. If any injury or loss should result by his negligence to any party interested, he and his sureties shall be liable to pay the value of the property so lost or the amount of the injury sustained, and ten per cent thereon, to be recovered by the party injured on motion, three days notice being given in the court from which the execution issued."

The article is found under the title "Execution." It provides for judgment on the motion after notice given in the court "from which the *execution* issued." No execution was issued in the instant case. It was a writ of attachment. As demonstrated by Judge Pelphrey in the Radford case, there is a distinct difference between an execution and an attachment. Our Supreme Court in De La Garza v. Booth, 28 Tex. 478, 482, 91 Am.Dec. 328, referring to a statute authorizing recovery from an officer for dereliction of duty by motion in the court from which an execution issued said: "It has been repeatedly ruled in this court, that this statute, being penal in its character, is entitled to no latitude of construction as against the party subjected to its operation. The liability of the officer for this onerous penalty is defined and must be circumscribed by the language of the statute which creates it. (De Witt v. Dunn, 15 Tex. [106], 108.)"

We are of the opinion that Art. 3799, authorizing recovery of the value of the property lost, etc., and ten per cent penalty from an officer whose negligence has resulted in the loss of personal property levied upon after notice "in the court from which the *execution* issued" is not applicable where the property was levied on by virtue of a writ of attachment. J. M. Radford Grocery Co. v. Owenby, Tex. Civ.App., 34 S.W.2d 385; De La Garza v. Booth, 28 Tex. 478, 91 Am.Dec. 328; Huff v. Matula, Tex.Civ.App., 58 S.W.2d 855; Hamilton v. Ward, 4 Tex. 356, 360.

For the reasons heretofore stated, the court properly denied plaintiff recovery on her motion against the Constable and his surety.

The foregoing conclusions preclude the necessity of a decision as to whether the facts found support other conclusions of law not discussed.

The judgment is affirmed.