FOSTER et al. v. LANGSTON et al.
No. 11260.

Court of Civil Appeals of Texas.
San Antonio.

March 3, 1943.

Rehearing Denied March 31, 1943.

Sleeper, Boynton, Darden & Burleson, of Waco, for appellants.

Eskridge, Groce & Chiles, of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted by Texas Employers Insurance Association, in the name of L. L. Langston, Sr., and Lenora Langston, against Homer Foster and Claude Thomas Woodlee, seeking to recover pecuniary damages sustained by L. L. and Lenora Langston as a result of the wrongful death of their son, L. L. Langston, Jr.,

L. L. Langston, Jr., was killed when a truck driven by him and owned by Joe L. Dixon Well Servicing Company collided with another truck driven by Thomas Woodlee and owned by Homer Foster Texas Employers Insurance Association was the carrier of the workmen's compensation insurance policy covering the employees of Joe L. Dixon Well Servicing Company, and paid full death benefits in the sum of $3,130 to L. L. Langston, Sr., and Lenora Langston, father and mother, respectively, of L. L. Langston, Jr., and was under the law subrogated in that amount to the rights of said parents in any sum they might recover from Foster and Woodlee.

The Langstons and the Insurance Association entered into a written agreement whereby they agreed to divide equally any sum which they might recover in a suit against Foster and Woodlee.

The trial was to a jury upon special issues and based upon their verdict judgment was rendered in favor of the Langstons in the sum of $1,400, and in favor of the Insurance Association in a like sum. From this judgment Foster and Woodlee have prosecuted this appeal.

■ Appellants first contend that the court erred in rendering judgment for the Langstons in the sum of $1,400, because they were not shown to have suffered that amount of damage over and above the sum of $3,130 which they had been paid as workmen's compensation by the Insurance Association. We overrule this contention. It is true that under Section 6a of Article 8307, Vernon's Ann.Civ.Stats., the Insurance Association would be subrogated to the full amount paid by it to the Langstons and that the Langstons would have a right to recover only such amount as the jury might allow over and above the amount paid. However, there is no reason why the parties could not change this right of subrogation by contract. We can see no reason why the contract between the Langstons and the Insurance Association would be illegal, void or in any way against public policy. It follows that if the contract is valid it should be enforced and Foster and Woodlee are in no position to complain. The right of the Insurance Association to subrogation or the right of the injured employee to any excess recovery over against a third person for injuring him, above the amount of compensation received by him, is property, a chose in action, and is subject to sale or assignment. The appellants, Foster and Woodlee, do not show any injury. The effect of their complaint is that the sum recovered should have been awarded to the Insurance Association and not divided with the Langstons. The fact that the recovery was divided does not cause them to pay one cent more than they would have otherwise been required to pay.

■ Appellants cite Houston Gas & Fuel Company v. Perry, 127 Tex. 102, 91 S.W.2d 1052; Mitchell v. Dillingham, Tex. Civ.App., 22 S.W.2d 971; Johnson v. Henderson, Tex.Civ.App., 132 S.W.2d 458; but none of those cases involves an assignment such as we have here. Those cases involve the statutory assignment provided for in Section 6a of Article 8307, Vernon's Ann.Civ.Stats. Under the provisions of this section there can be no doubt that the carrier of the workmen's compensation insurance is entitled to full reimbursement of all compensation paid before the injured party or his beneficiaries would be permitted to recover anything, but the provisions of this section do not prohibit such parties from contracting for a different reimbursement of the Insurance Association.

■ Appellants next complain because the contract of assignment between the Langstons and the Insurance Association was not permitted to go to the jury but was introduced before the judge in the absence of the jury. There was no error in this. It could have served no useful purpose to have read the assignment to the jury. In the absence of the assignment the jury would have no doubt presumed that the entire recovery would go to the Langstons. If they had known of the assignment they would have known that only

half of the recovery would go to the Langstons. To have introduced this assignment before the jury would be very similar to introducing an assignment by a plaintiff of a one-third interest of his cause of action to his attorney as attorney's fees.

Appellants offered in evidence a photostatic copy of the lump sum payment receipt in the sum of $3,198.50, executed by the Langstons in favor of the Texas Employers Insurance Association in satisfaction of the liability of the Insurance Association to the Langstons under the Workmen's Compensation Act. It was excluded and appellants assign error. We overrule this assignment. In view of the assignment existing between the Insurance Association and the Langstons the amount of compensation paid is immaterial and was properly excluded. It is not pointed out that any evidence was introduced on behalf of the Insurance Association which the jury could not properly weigh because they were not informed of the true interest of such Association.

However, we have decided this judgment must be reversed because of the improper argument of one of the attorneys for the plaintiffs. Attorney Linne, while discussing special issue No. 28, relating to the amount of recovery the plaintiffs were entitled to, used the following argument: "Gentlemen. I don't believe that, regardless of how you answer that question, what amount of money you may write in there, you will never bring back the life of Larry Langston. I value my life too dearly, I wouldn't sell my life for any amount of money, and I don't believe there is a single gentleman on this jury would sell your life for any amount of money."

Appellants objected to the argument in open court and requested the court to instruct the jury to disregard the same which was refused by the court.

The argument was improper and should not have been made. The measure of damages herein was the pecuniary loss of L. L. Langston, Sr., and his wife caused by the death of their son. They were not entitled to recover the value of their son's life or the value of any one else's life, and the suggestion that the jury in answering such question should consider the value of the life of Larry Langston or the value of their own life, or what sum of money the attorney would sell his life for, was highly improper. The argument was prejudicial and inflammatory and requires a reversal of this judgment. Rule 269. V. T. R. of Civil Procedure; Bell v. Blackwell, Tex.Com.App., 283 S.W. 765; Williams v. Rodocker, Tex.Civ.App., 84 S. W.2d 556; Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054; Allen v. Denk, Tex.Civ.App., 87 S.W.2d 303; McCrearry v. St. Louis Southwestern Railway Co., Tex.Com.App., 1 S.W.2d 868; Wagley v. Fambrough, Tex.Civ.App., 163 S.W.2d 1072, affirmed, Sup., 169 S.W.2d 478 (not yet published [in State report]).

Accordingly, the judgment will be reversed and the cause remanded.