NUMBER 13-00-010-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


AMERICAN RISK FUNDING INSURANCE COMPANY, BY AND THROUGH

CONTINENTAL CASUALTY COMPANY , Appellant,


v.


LARRY LAMBERT, ET AL., Appellees. 

___________________________________________________________________


On appeal from the 152nd District Court

of Harris County, Texas.

___________________________________________________________________


O P I N I O N

Before Justices Hinojosa, Yañez, and Amidei (1)

Opinion by Justice Amidei


 This is an appeal from a summary judgment granted in favor of Larry Lambert, Rogers Patino and Andres Garcia, hereafter
referred to as "appellees" and/or "Lambert" against American Risk Funding Insurance Company, by and through
Continental Casualty Company, hereafter referred to as "appellant" and/or "American Risk Funding."

Lambert sued Memc Pasadena, Inc., owner and operator of the plant premises where the appellees were injured, J. E. Merit
Contractors, Inc., a general contractor which performed work and subcontracted U. S. Contractors, Inc. to perform
construction work at the plant, and Albemarle Corporation, a prior owner of the plant, defendants, for personal injuries
sustained in a chemical plant explosion while performing work as employees of U. S. Contractors, Inc. Appellant, the
workers compensation carrier for U. S. Contractors, Inc., intervened for reimbursement for medical and indemnity benefits
which it had paid to the appellees in the event the defendants were held liable. Although Lambert settled with defendants
for 1.8 million dollars, Lambert denies appellant's subrogation claim because appellant had previously entered into a
written contract with Lambert's employer waiving its subrogation rights. Appellant and Lambert filed motions for
summary judgment. The trial court granted Lambert's motion for summary judgment.

Appellant presents five issues for review:

1. The waiver of subrogation is void because it is against public policy;

2. There is a fact issue regarding the defense of waiver;

3. The waiver was not intended to benefit appellees;

4. The waiver did not waive future benefits;

5. Appellant's common law claim for conversion is separate from any statutory right to subrogation.

Standard of Review

The standards for reviewing a summary judgment are set forth in Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49
(Tex. 1985), as follows:

1. The movant for summary judgment has the burden of showing that

there is no genuine issue of material fact and that it is entitled to judgment as a matter of law;

2. In deciding whether there is a disputed fact issue precluding summary judgment, evidence favorable to the non-movant
will be taken as true;

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

Id. We should consider all grounds that the trial court rules on and may consider grounds that the trial court does not rule
on in the interest of judicial economy. Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 626 (Tex. 1996).

Issues Presented

Appellant's first issue contends that the enforcement of the waiver of a workers' compensation carrier's right to subrogation
is void because it is against public policy.

Appellant outlines the history of some workers' compensation statutes which refer to a carrier's right of subrogation,
arguing that the word "shall" in the statutes means the legislature intended the right of subrogation to be absolute. 
However, the question is not whether the right is absolute but whether it may be waived. Appellant cites no authority
which prohibits a carrier from waiving its right to subrogation. One of the statutes cited by appellant actually approves
waiver of subrogation where there is a judgment resulting from a trial but not where there is a compromise settlement
agreement as in this case. See Tex. Civ. Prac. & Rem. Code § 95.004 (Vernon 1997).

Further, appellant claims its waiver of subrogation would allow appellees to have a double recovery or a double dip, which
would be against public policy. Appellees' employer purchased the workers' compensation benefits as well as the waiver of
subrogation and assuming the waiver is valid, appellees did not receive anything more than they were entitled to in view of
the plain terms of the waiver. The proof does not show that appellees made a double recovery. The fact that subrogation
rights were waived was a consideration by both appellees and the defendants in arriving at the settlement figure agreed
upon. The settlement amount tends to be higher when there are subrogation rights to deal with, possibly making it
impossible to settle. Usually, it is easier to settle a personal injury lawsuit, when there are no subrogation rights to
consider. In order to make third-party suits easier to settle, the employer pays the compensation carrier a premium to waive
its subrogation rights. The carrier further benefits by not having to litigate its subrogation rights. 

As a general rule, if a contract is not immoral in itself or in conflict with any express law, it will not be held to be contrary
to public policy. Missouri, K. & T. R. Co. v. Carter, 95 Tex. 461, 68 S.W. 159 (1902) (Public policy permits utmost
freedom of contract between parties of full age and competent understanding, and requires that their contracts, when freely
and voluntarily entered into, shall be held sacred and enforced by the courts. This freedom should not lightly be interfered
with by holding that contract is contrary to public policy). The statutes cited by appellant do not declare the waiver of
subrogation rights to be immoral, illegal, against public policy or void for any reason.

There are a number of cases which uphold the right of a workers' compensation carrier to either change, reduce or eliminate
its subrogation rights by contract:

An agreement between a workers' compensation carrier and the beneficiaries of a deceased to divide the recovery from a
third party any excess over the compensation benefits 50-50 was upheld and held not to be illegal, void or in any way
against public policy, because the carrier's subrogation right is property, a chose in action, and is subject to sale or
assignment. Foster v. Langston, 170 S.W.2d 250, 251 (Tex. Civ. App.-San Antonio 1943, no writ) (emphasis supplied).

In a case where the workers' compensation carrier agreed with the worker to waive all future compensation benefits in a
third-party action, it was held it was clear this right of subrogation may be changed by contract and there is nothing
illegal, void or in any way against public policy in the contract between the insurance carrier and Thrash the injured
party. Otis Elevator Co. v. Allen, 185 S.W.2d 117, 119-21 (Tex. Civ. App.-Fort Worth 1944), aff'd in part, rev'd in part, 
143 Tex. 607, 187 S.W.2d 657, 659 (1945).

Recognizing the rights of employees to receive workers' compensation and still proceed against a third party for damages,
the Attorney General of Texas issued an opinion declaring it legal to waive subrogation by endorsements, as follows:

The Board of Insurance Commissioners may legally approve a waiver of subrogation endorsement because the employee
under statute may receive compensation from an association and still proceed against a person for damages, and the waiver
of subrogation by an association does not interfere with this right since the waiver is a property right of the association
which may be waived. 

Op. Tex. Atty. Gen. No. V-807 (1949) (emphasis supplied).

A waiver of subrogation rights contained in the policy was upheld in a third-party action where there was no claim it was
against public policy. Nat'l Union Fire Ins. Co. v. Pennzoil, 866 S.W.2d 248, 252 (Tex. App.-Corpus Christi 1993, no
writ); see also Hartford Accident & Indem. Co. v. Buckland, 882 S.W.2d 440, 445 (Tex. App.-Dallas 1994, writ denied);
Lumbermens Mut. Cas. Co. v. Carter, 934 S.W.2d 912, 914 (Tex. App.-Beaumont 1996, no writ).

In a situation where public policy was urged to prevent a worker from contracting away his workers' compensation rights in
favor of his employer's benefit plan, the Texas Supreme Court held that public policy in favor of freedom of contract allows
such election by the worker, and whether or not such elections should be held void on the theory that they contravene the
general statutory scheme, and thus violate public policy, is a decision better left to the legislature. Lawrence v. CDB Serv.,
Inc., 44 Tex. Sup. Ct. J. 554, No. 00-0142, No. 00-0201, 2001 Tex. Lexis 21, at * 28 (Tex. March 29, 2001). Therefore, if
public policy will not prevent a worker, whose protection is more the object and intent of the statutory scheme than
workers' compensation carriers' subrogation rights, from signing away his workers' compensation rights for benefits which
may not be as good as those provided by his employer, public policy should not prevent a carrier from waiving its rights by
contract.

We conclude from the above cases that the waiver of subrogation executed by the appellant does not violate public policy
and is not void. Appellant's issue number one is overruled.

In its second issue, appellant argues that appellees failed to prove all the elements of waiver because there was no proof of
consideration for the waiver, and there is no proof. Appellant intended to waive its rights as to these appellees directly
when only Memc Pasadena, Inc., J.E. Merit Constructors, Albermarle Corporation and their respective affiliates,
subsidiaries, officers, directors, employees, agents, and representatives were named in the waiver.

The waiver contract which was proven without objection recites the premium rates charges for the waiver, which would be
adequate consideration if necessary, but a waiver need not be founded upon consideration. Mass. Bond & Ins. Co. v. Orkin
Exterm. Co., 416 S.W.2d 396, 401 (Tex. 1967).

It is not necessary for a waiver of subrogation to name all of the employees of an employer when a carrier waives
subrogation rights in favor of a company or companies contracting with the employer. In Pennzoil, 866 S.W.2d at 251,
Four Flags Drilling Company, the employer, purchased a waiver of subrogation in favor of Pennzoil. Id. An employee of
Four Flags was injured while drilling a well for Pennzoil, and the waiver was upheld, notwithstanding the employee was
not named in the waiver. Id. at 252. In the instant case, appellees were employed by U. S. Contractors, Inc., which was
doing contract work for and on the premises of Memc Pasadena, Inc., together with J. E. Merit Contractors, Inc. and
Albemarle Corporation. U.S. Contractors, Inc. purchased the waiver, which expressly waived subrogation in favor of
Memc, J. E. Merit and Albemarle, the most likely parties to cause compensable injuries to the employees of U.S.
Contractors, Inc.

In Lumbermens, the carrier specifically claimed the worker was not named in the waiver of subrogation purchased by the
worker's employer in favor of the company the employer had contracted with to do work for at its Evadale, Texas plant. 
The court concluded that since the employee was injured while working for his employer at the Evadale plant of the
company named in the waiver, there was evidence the intent of the parties was the waiver applied to the employee's
compensation benefits. Lumbermens Mut. Cas. Co., 934 S.W.2d at 913-14.

Appellant's second issue is overruled.

Appellant's third issue claims the waiver was not intended to benefit the appellees.

Appellant argues generally that appellees are not third-party beneficiaries of the contractual waiver, but cites no authority to
support this proposition. The employees' cause of action against the third party is burdened by the subrogation rights of the
carrier. The third party having the benefit of the waiver is free to negotiate a settlement with the injured employee without
having to pay additional to the employee to cover any subrogation of compensation of workers' compensation benefits. The
companies named in the waiver would benefit as intended and contracted. It is immaterial whether the injured employees
benefitted. The fact the third parties' settlement amount is lowered doesn't necessarily mean the employee is benefitted. 
The proof shows the intent of the parties is that the waiver applies to the appellant's subrogation claim for workers'
compensation benefits in this case. Id. A reasonable construction of the language in the waiver that it shall not operate
directly or indirectly to benefit anyone not named in the schedule is that the parties did not intend to call for an impossible
condition precedent, but that it intended a rational, reasonable and probable contract which a contractor and its workers'
compensation carrier would naturally make to apply to a settlement as made in this case. Republic Nat'l Bank v. Northwest
Nat'l Bank, 578 S.W.2d 109, 115 (Tex. 1978).

Appellant's third issue is overruled.

Appellant's fourth issue claims that contractual waiver did not operate to waive appellant's right to seek a credit for future
benefits. The right to subrogation may be changed by contract and the workers' compensation carrier may waive its claim
to future compensation. Otis Elevator, 185 S.W.2d at 119-20. A waiver of the carrier's subrogation rights waives its right
to reimbursement and its right to future credits. Buckland, 882 S.W.2d at 445.

Appellant's fourth issue is overruled.

Appellant's fifth issue claims that appellant had a common law conversion claim separate from its subrogation claim, which
was erroneously decided against it by the trial court by the granting of summary judgment in favor of appellees. Appellant
cites Autry v. Dearman, 933 S.W.2d 182 (Tex. App.-Houston [14th Dist.] 1996, writ denied), which only involves a cause
of action for conversion against one who accepts benefits of the proceeds of a third-party settlement, while having notice of
the carrier's subrogation rights, but doesn't involve a contractual waiver as in this case. The appellant, by waiving its
statutory claim, has no common law claim. Buckland, 882 S.W.2d at 445; Johnson v. Second Injury Fund, 688 S.W.2d
107, 108 (Tex. 1985). (There is no common law equitable right of subrogation).

Appellant's fifth issue is overruled.

The judgment of the trial court is affirmed.



________________________________________

MAURICE AMIDEI

JUSTICE (ASSIGNED)



Publish.

tex. R. app. P. 47.3.



Opinion delivered and filed 

this the 23rd day of August, 2001.

1. Former Justice Maurice Amidei, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).