OTIS ELEVATOR COMPANY V. MRS. CHARLES M. ALLEN ET AL.

No. A-494. Decided May 23, 1945.
(187 S. W., 2d Series, 657.)

*W. B. Handley,* of Dallas, for petitioner.

On the question that said suit should have been abated because Mrs. Allen's son was not made a party to the suit, even though he was an adult. San Antonio & A. P. R. R. Co. v. Mertink, 101 Texas 165, 105 S. W. 485; International & G. N. R. R. Company v. Acker, 128 S. W. (2d) 506.

On the proposition that Allen and Thrash were trespassers see Vermont Street M. E. Church v. Brose, 104 Ill. 206, 9 C. J., 732, sec. 70; Farmers & Mechanics Natl. Bank v. Hanks, 104 Texas 320, 137 S. W. 1120.

*Cantey, Hanger, McMahon, McKnight & Johnson* and *J. A. Gooch,* for Mrs. Allen, *Martin, Moore & Brewster,* for *C. G. Thrash,* and *Buck & Kemble,* for Commercial Standard Insurance Company, all of Fort Worth, for respondents.

Allen and Thrash were not trespassers on the top of the elevator cage, but had a perfect right to go there for the purpose of making repairs. Moreman Gin Co. v. Brown, 291 S. W. 946; Fidelity & Cas. Co. v. Llewelyn Iron Goods, 42 Cal. App. 766, 184 Pac. 402.

MR. JUDGE TAYLOR, of the Commission of Appeals, delivered the opinion for the Court.

This suit arose out of an elevator accident in the Trinity Building, Ft. Worth, in which Charles M. Allen, the building engineer, was crushed and killed and C. G. Thrash, his assistant, was injured. Allen and Thrash were atop the stalled elevator

repairing it when A. E. Breeland, Otis Elevator Company mechanic, entered the elevator and turned on the master switch, causing the car to move upward with the result stated. The Trinity Building carried workmen's compensation insurance covering the building employees, in Commercial Standard Insurance Company, which owned the building. The compensation insurance carrier settled with both Mrs. Allen and Thrash, by payments to them respectively of compensation benefits.

Mrs. Allen filed suit in which Thrash joined by intervention, against the elevator company as negligent third party, recognizing in her pleadings, as did Thrash also, the subrogation right of recoupment of the insurance company. The company also intervened in the suit.

Jury findings were returned favorable to Mrs. Allen and Thrash, respectively, in line with their pleadings. The Court of Civil Appeals in an opinion fully and clearly stating the nature and result of the suit, affirmed the trial court's judgment based on the findings. 185 S. W. (2d) 117. See the Court's opinion for a fuller statement of the nature and result of the suit.

■ Eight points of alleged error were urged by the appellant elevator company in the Court of Civil Appeals, and the same points were urged in the application for writ of error. None of the points complain of the jury's findings that the negligence of the company's mechanic, Breeland, in starting the elevator proximately caused the accident and resulting injuries. Points VII and VIII allege however that the evidence showed as a matter of law that both Allen and Thrash were guilty of contributory negligence. We concur in the holding of the courts below on these points in that the evidence showed, as pointed out by the Court of Civil Appeals that both exercised care for their safety in conforming to the practice theretofore followed and established in the matter of the assisting of Breeland by Allen and Thrash in repairing the elevators. Points VII and VIII are overruled.

■ For the same reason we overrule point VI, which complains that Allen and Thrash, building, and assistant building, engineers, respectively; (who at the time of the accident were working on the elevator in customary fashion) were trespassers. Being at work on the elevator under the circumstances pointed out, they were obviously not trespassers.

The decision of points IV and V and II depend upon the decision of point I, presently to be made, for the reason that they are based on the allegation ultimately that the insurance company was not a compensation insurance carrier. Point II complains also that the intervention of Thrash and the insurance carrier were premature in that the amount of compensation benefits had not then been finally adjudicated or determined; point IV, that the benefits paid were voluntary in that the insurance company was not a compensation insurance carrier, and point V that the payment of compensation benefits fully satisfied Mrs. Allen's cause of action in that the insurance company was not a subscriber under the workmen's compensation law, and was a joint tort feasor with the elevator company.

■ The gist of the elevator company's first point is that the Commercial Standard Insurance Company, the owner of the Trinity Building, could not carry compensation insurance on its own employees, and that therefore there was no valid compensation insurance covering Allen and Thrash, and that for this reason the compensation carrier was a volunteer in making payments of compensation benefits. We overrule this point on the grounds later to be stated.

The following stipulation to which the elevator company was a party, appears in the record:

"That *,* * on the 1st day of January, 1942, Commercial Standard Insurance Company was duly authorized under the laws of the State of Texas and particularly the Workmen's Compensation Act * * * to issue workmen's compensation insurance. That it had done all things necessary to qualify it to issue such insurance, and under the provisions of Section 2 of Article 8309, * * *, it had acquired the right to insure the liability and pay workmen's compensation to any and all employers who were eligible to carry insurance in the State * * *. That at all times since, the * * * Company has been duly licensed and properly qualified to issue workmen's compensation policies * * *. That on January 1, 1942, it issued to Commercial Standard Insurance Company a standard form of Workmen's Compensation policy, which form has been duly and regularly approved by the Insurance Commission of the State * * *, covering employees of the Commercial Standard Insurance Company engaged in the care, custody and maintenance of the Trinity Building, including the operation of elevators, heating, lighting and power apparatus. That a copy of said policy was filed with, and approved by the Board of Insurance Commissioners on the 15th day of January, 1942, and was filed with the

Casualty Insurance Commissioner on January 7, 1942, and was filed with the Industrial Accident Board on January 15, 1942, and thereafter said policy was in full force and effect until the 1st day of January, 1943. That Commercial Standard Insurance Company as the employer of Charles M. Allen and Charles G. Thrash gave notice to the Industrial Accident Board * * * that it had become a subscriber to the Workmen's Compensation Law, * * *. That notices were posted in the Trinity Building, notifying Charles M. Allen and Charles G. Thrash that Commercial Standard Insurance Company had issued its policy of insurance under the Workmen's Compensation Law * * *. That the building known as the Trinity Building, was at all times during the year 1942 owned by Commercial Standard Insurance Company, and that said building was maintained and operated as a separate part of the Company's properties * * * as the Home Office of said insurance company. * * * That the premium for said policy was actually paid to Commercial Standard Insurance Company, and the necessary reserves were provided as required by the Insurance Commission of the State * * *. That on September 2, 1942, Commercial Standard Insurance Company had more than three (3) employees engaged in the operation and maintenance of the Trinity Building, * * *."

We rest our decision in overruling petitioner's first point, on the right (in the absence of statutory prohibition) accorded by the provisions of section 2 of Article 8309 set out by the Court of Civil Appeals in its opinion. It appears from the stipulation quoted above that the insurance company and the parties covered by the compensation policy issued by it regarded the company as a "subscriber" carrying compensation insurance for the protection of its building employees. It also appears to have been stipulated,

"That Mrs. Charles M. Allen and Charles G. Thrash and Commercial Standard Insurance Company have at all times assumed the validity of the workmen's compensation policy, and each of the parties has assumed that such policy was duly issued and was in full force and effect at the time of the accident on September 2, 1942 and that said sums have been paid as herein set out in good faith by Commercial Standard Insurance Company, believing it is liable under the terms of said policy, and that such sums have been received by the respective parties, assuming that they were entitled under the Workmen's Compensation Law to such payments."

The compensation paid Mrs. Allen and Thrash by the Insurance carrier under its policy contract was in no sense volun-

tary, and it was of no concern to the alleged negligent third party, the elevator company, that out of the damages recovered against it the compensation insurer was reimbursed for the compensation benefits paid by it to the claimants. Foster v. Langston, 170 S. W. ,2d) 250. Since points II, IV and V could be sustained only in event petitioner's first point was sustained, they likewise are overruled.

The writ was granted on petitioner's third point, alleging that Mrs. Allen's suit should have been abated for non joinder of Mr. Allen's adult son, George Allen, who was a beneficiary under the death injury statutes, articles 4675, 77, R. C. S. 1925.

Counsel for Mrs. Allen have gone to considerable pains to cure the alleged error by procuring, since the case has been on appeal, a sworn statement from the son to the effect he had no claim under the facts and that he was thereby assigning to Mrs. Allen any and all claims which he could have in the premises. Petitioner insists that the action taken to cure the error of non joinder of a necessary party is unavailing for such purpose. Since the written statement relied upon by counsel for Mrs. Allen to cure the error was executed too late (in the absence of an agreement by the parties) to be included in a record which we could probably consider, petitioner's point No. III must be sustained. The judgment of the Court of Civil Appeals sustaining that of the trial court in favor of Mrs. Allen, is therefore reversed and her cause remanded for another trial.

Since the cause of action and judgment in favor of Thrash is severable from Mrs. Allen's cause of action and judgment, the judgment of the Court of Civil Appeals affirming that of the trial court in his favor, is affirmed.

It is so ordered.

Opinion adopted by the Supreme Court May 23, 1945.