**TEXAS EMPLOYERS' INS. ASS'N**

**v.**

**FISH.**

No. 15494.

Court of Civil Appeals of Texas.

Fort Worth.

March 19, 1954.

Rehearing Denied April 16, 1954.

Burford, Ryburn, Hincks & Ford, and Joseph M. Stuhl, Dallas, for appellant.

Donald & Donald, Bowie, Peery, Wilson & Spell and Kearby Peery, Wichita Falls, for appellee.

RENFRO, Justice.

On October 13, 1952, Ben Fish, appellee herein, filed suit against Texas Employers' Insurance Association, appellant herein, in the District Court of Wichita County, to set aside an award of the Industrial Accident Board and to recover judgment against appellant for injuries sustained on July 16, 1951, in a collision between an automobile driven by appellee in the course of his employment and an automobile owned and operated by Lee Underwood.

On May 27, 1953, the case was tried before a jury, resulting in a verdict finding appellee totally and permanently disabled. Judgment was entered for appellee on May 30, 1953, in the sum of $8,608.45. It appears that the appellee had previously been paid $650 by the appellant.

Appellant filed an amended motion for new trial on June 25, 1953, which motion was overruled by the trial court on July 25, 1953. The transcript and statement of facts were filed in this court by appellant on September 23, 1953.

Appellant filed in this court on January 13, 1954, a motion that all previous orders and judgment in this cause be set aside and

the case dismissed on the ground that appellee filed a suit in the District Court of Wichita County, on July 14, 1953, against R. L. (Lee) Underwood and others to recover damages for injuries sustained by appellee in the collision of July 16, 1951, being the same accident on which his compensation claim was based.

A certified copy of said petition is attached to the motion to dismiss this cause.

Supplemental transcripts now on file reveal that R. L. Underwood, defendant in the third party suit, filed a plea in abatement on August 10, 1953, setting out that the common law action against him was based on the same accident upon which the compensation suit was predicated and that there has been no final judgment or decision in the compensation case, and prayed that no further cognizance be taken of the suit against him. Appellant, on February 5, 1954, filed a motion in the District Court of Wichita County to vacate the judgment theretofore rendered against it in the compensation case on the ground that under provisions of Section 6a, Art. 8307, R.C.S., appellee has precluded himself from the right to obtain any benefits under the Workmen's Compensation statutes by filing, prior to the rendition of a final judgment against appellant, a third party action against a person alleged by appellee to be liable in damages in respect of the same injury for which appellant is obligated to pay compensation. An answer to appellant's motion to vacate the judgment in the compensation suit was filed on February 24, 1954, in which appellee, among other pleadings, alleged that the appellant concurred in the filing of the third party suit and led the appellee, by reason of its acts and conduct, to proceed to file the third party action, and acquiesced in the filing of said third party action.

Contradictory affidavits have been filed in this court by the parties on the question as to whether or not appellant suggested and acquiesced in the filing of the third party suit by appellee against Underwood.

The appellant concisely states its position in these words: "The mere filing of a third party action by the employee at any time prior to the final conclusion of his suit for compensation absolutely bars his right to compensation and frees appellant from liability on the judgment rendered in the trial court. If the court rejects that proposition of substantive law, it must overrule this motion. If it recognizes that proposition to be the law, it can consider these arguments: (a) Since the filing of the third party action releases appellant as effectively as if appellee had executed a release, there is nothing for this court to pass on. (b) The jurisdiction of this court is not preserved by appellee's attempt to show that he was authorized to bring the third party action. (c) The doctrines of estoppel and laches are inapplicable to appellant in this suit."

█ Under the provisions of Section 6a, Art. 8307, R.C.S., an injured employee who prosecutes to judgment a suit against a third party defendant on an action causing his injury is thereafter barred from recovering compensation because the carrier has been deprived of his valuable right of subrogation. Employers' Indemnity Corporation v. Felter, Tex.Com.App., 277 S.W. 376. In Fort Worth Lloyds v. Essley, Tex. Civ.App., 235 S.W.2d 700, error refused, it was held that the filing of a suit against a third party was an election to proceed against such person and he was barred from recovery of compensation in a subsequent suit against his employer's insurer. In Hart v. Traders & General Ins. Co., 144 Tex. 146, 189 S.W.2d 493, the Supreme Court held that a release in favor of the third party estopped the employee from thereafter claiming compensation from the carrier. The Commission of Appeals in Texas Employers Ins. Ass'n v. Brandon, 126 Tex. 636, 89 S.W.2d 982, held that the release by an injured employee of third parties, executed subsequent to filing claim for compensation but prior to trial of the compensation suit, barred the employee from recovering compensation.

We have found no decision determining whether or not the employee waives compensation by filing a third party suit after

he has prosecuted his compensation suit to judgment but while motion for new trial is pending.

 The appellant's contention, in effect, is that under no circumstances can the employee file a third party action until judgment against the carrier becomes final in the Supreme Court, or the carrier assumes payment of the claim, without waiving compensation.

Such a rule, with no exceptions or reservations, would be harsh and unjust. It would preclude valid agreements between claimants and compensation carriers that such suits be brought. It would deprive injured parties of compensation even though their decisions to bring third party suits were induced in good faith by the insurance carrier, or were induced by fraud. We are unwilling to sanction such an unyielding rule.

By the above language we do not imply or intimate any bad faith on the part of appellant in this case. We merely show that unjust results could and probably would result in some compensation cases if we adopted the theory advanced in this case.

We will not determine from the affidavits before us whether or not the appellant acquiesced in the action of appellee in filing the third party suit. While jurisdictional matters may be made known to the appellate court by affidavit, such affidavits must show clearly and definitely that the matters presented deprive the appellate court of jurisdiction. Disputed matters should be determined in the trial court.

If suit is, through mistake, brought prematurely, the plaintiff should not be deprived of a valuable right unless it results in injury to an innocent party. In view of the existing situation, we do not see how the filing of the third party suit has in any way harmed or prejudiced the appellant in the compensation suit. The defendant in the third party suit, as heretofore stated, has filed a plea in abatement setting out the judgment against appellant in the compensation suit. Even should the appellee attempt to go ahead with his third party suit, he, the defendants, and the trial court are aware of the appellant's interest in the subject matter. Its subrogation rights are protected.

The appellee elected to proceed under the compensation statute. He filed his claim with the Industrial Accident Board. He appealed the Board's decision to the District Court. He tried his case before a jury. Based on the jury verdict the trial court rendered a judgment in his favor. We do not think he voided his election and his judgment by thereafter merely filing the third party suit. The mere showing that a third party suit has been filed, subsequent to judgment rendered for appellee in the compensation suit, does not deprive this court of jurisdiction of this appeal. We overrule appellant's motion to set aside the trial court's judgment and dismiss the entire case.

 In its brief appellant alleges it was error for the court to permit appellee's wife to testify that when appellee would come home from work he would state, "I just can't do the work." No request was made of the court to instruct the jury to disregard the above answer. It is cumulative of other evidence to the same effect which went into evidence without objection.

Appellant also alleges it was error for the court to permit appellee to testify that he quit his job with a Mr. Testerman at Mr. Testerman's request. These questions were asked:

"Q. And why did you quit that job? A. Well I quit by request.

"Q. At whose request? A. Mr. Testerman."

The above was objected to as hearsay. No conversations were related by the witness as to what he said to Testerman or vice versa. For a man to say he quit a job by request is not, in our opinion, hearsay. Furthermore, other evidence in the record without objection shows appellee was dismissed or let out by Testerman or his company.

We fail to see how either of the matters of which complaint is made amounted to such a denial of the rights of appellant as was reasonably calculated to cause, and probably did cause, a rendition of an improper judgment in the case.

The judgment of the trial court is affirmed.