v.

**Jack WEST et ux., Appellees.**

**No. 3275.**

Court of Civil Appeals of Texas.

Waco.

March 31, 1955

**TEXAS EMPLOYERS' INSURANCE AS-SOCIATION, Appellant,**

v.

**Ben FISH, Appellee.**

**No. 15599.**

Court of Civil Appeals of Texas.

Fort Worth.

March 4, 1955.

Rehearing Denied April 1, 1955.

Burford, Ryburn, Hincks & Ford, Logan Ford and Joseph M. Stuhl, Dallas, for appellant.

Donald & Donald, Bowie, Peery, Wilson & Spell and Kearby Peery, Wichita Falls, for appellee.

RENFRO, Justice.

This is an appeal from an order of the District Court of Wichita County refusing to vacate a judgment in a workmen's compensation case.

The Texas Employers' Insurance Association, by point of error, alleges the trial court erred in failing to hold that, under the provisions of Section 6a, Article 8307, R.C.S., plaintiff has lost his rights to workmen's compensation benefits by filing, without defendant's consent and prior to the final conclusion of his suit for compensation, a common-law action against a third party based on the same injury.

On October 13, 1952, appellee Fish filed suit in the District Court of Wichita County to set aside an award of the Industrial Accident Board, and to recover judgment for total and permanent disability for injuries sustained on July 16, 1951, in a collision between an automobile driven by appellee in the course of his employment and an automobile driven by Lee Underwood. The case was tried before a jury, and on May 30, 1953, judgment was entered for appellee, on a verdict finding permanent and total disability.

An amended motion for new trial was filed by appellant on June 25, 1953.

On July 14, 1953, while the amended motion for new trial was pending, Fish brought a common-law action against Lee Underwood and others for damages growing out of the same accident.

The amended motion for new trial in the compensation case was overruled on July 25, 1953.

A plea in abatement was filed by Lee Underwood in the third party suit on August 10, 1953. The third party suit is still pending. Other than the filing of the original petition by Fish and the filing of the plea in abatement, no action has been taken in said suit. The appellant learned of the filing of the third party suit on or about August 14, 1953.

The transcript and statement of facts in the compensation suit were filed in the Court of Civil Appeals on September 23, 1953.

On January 13, 1954, appellant filed in this Court a motion to set aside all previous orders and judgment in the compensation case and dismiss the case on the ground appellee had waived compensation by bringing the third party suit, and on the same date urged the same relief by point of error in its brief.

On February 5, 1954, appellant filed a motion in the District Court to vacate the judgment in the compensation case. It is from an order overruling said motion this appeal is taken.

On March 19, 1954, we affirmed the trial court's judgment in the compensation case and held that appellee Fish, having

elected to proceed under the compensation statute, did not void his election by the mere filing of a third party suit after he had obtained a judgment in the compensation suit, even though a motion for new trial was still pending. Texas Employers' Insurance Association v. Fish, Tex.Civ. App., 266 S.W.2d 435, writ of error refused, no reversible error. We adhere to that opinion.

The appellee has requested us to assess a ten per cent penalty as damages for unreasonable delay. Considering the history of the case and the questions involved in the proceedings, we are unwilling to say this appeal was brought for the purpose of delay.

The judgment of the trial court is affirmed.