Troy A. BROOKS et al., Appellants,

v.

Elga L. LUCKY, d/b/a Lucky Steel
Company, Appellees.

No. 6150.

Court of Civil Appeals of Texas.

Beaumont.

Dec. 12, 1957.

Rehearing Denied Jan. 8, 1958.

Mullinax, Wells & Morris, Dallas, for appellants.

R. T. Bailey and Tom M. Shaw, Dallas, for appellee.

R. L. MURRAY, Chief Justice.

This is an appeal from a summary judgment in one of the district courts of Dallas County, dismissing a suit by the appellant Brooks against the appellee, Elga L. Lucky, doing business as Lucky Steel Company, as being barred by the 2-year statute of limitations. Vernon's Ann.Civ.St. art. 5526. The appeal involves the application of the 2-year statute of limitations to a suit by a Workmen's Compensation Insurance carrier against a third party defendant for damages suffered by its insured injured workman, under its right of subrogation provided in Sec. 6a, Article 8307, Vernon's Annotated Civil Statutes of Texas.

Appellant Brooks filed suit for personal injuries in a negligence action against appellee Lucky on December 4, 1953, and appellant Texas Employers' Insurance Association intervened, alleging its right to subrogation as the carrier of Workmen's Compensation insurance for Brooks. The appellee answered and filed motion for summary judgment, alleging that appellants' suit was barred by the 2-year statute of limitations. After a hearing the trial court sustained the motion for summary judgment as being barred by such statute of limitations, and dismissed the suit. The appellants have duly perfected their appeal and the cause is before this court on transfer by the Supreme Court.

The facts are not in dispute. Brooks was injured in the course of his employment for Robinson Machine & Forge Works on April 3, 1951, and filed claim for Workmen's Compensation insurance against Texas Employers' Insurance Association, as the compensation insurance carrier. Texas Employers began payment of weekly compensation on April 16, 1951, 35 of such weekly payments being made. On December 7, 1951, the claim was compromised and settled between these two parties for $2,000, in addition to $875 paid by weekly payments. This compromise settlement agreement was approved by the Industrial Accident Board December 19, 1951.

This suit was filed December 4, 1953. Suit was filed within less than two years after both the signing of the compromise settlement agreement and approval of such

agreement by the Industrial Accident Board. It was filed more than two years after Texas Employers' Insurance Association began payment of weekly compensation to Brooks.

The appellee contended in its motion for summary judgment, which was sustained by the trial court, that such initiation of payments on April 16, 1951, started the statute of limitation running against the cause of action that the appellants asserted against Lucky.

The appellant Texas Employers' Insurance Association, in its plea of intervention, alleged its right to intervene, asserting its right to intervene under its policy of Workmen's Compensation insurance and further alleged that it had paid to Brooks the sum of $2,875 as compensation in settlement of his claim, which compromise settlement was approved by the Industrial Accident Board of Texas. There was no allegation nor admission in Brooks' petition nor in the plea of intervention by Texas Employers' Insurance Association that Texas Employers paid or assumed to pay its obligation under its Workmen's Compensation insurance policy prior to the execution and approval of the compromise settlement agreement and release.

The sole question for determination therefore is whether the 2-year statute of limitations began to run at the date when compensation payments began, or when the compensation insurer settled and compromised Brooks' claim, or when such settlement was approved by the Industrial Accident Board. The parties are in agreement here that such a suit for personal injuries is controlled by Article 8307, Sec. 6–A, Vernon's Annotated Civil Statutes of Texas, and that our courts have construed said statute as meaning that the cause of action against a third party accrues when compensation is paid or assumed by the carrier. That is as far as the agreement of the parties goes in their analysis of the law and they disagree as to the meaning of the phrase, "paid or assumed by the carrier," as applied to the facts of this case.

The appellee contends that under Buss v. Robison, Tex.Civ.App., 255 S.W.2d 339, 343, writ of error refused, n. r. e., the beginning of payments of compensation evidences the assumption of liability by the compensation insurance carrier. Buss v. Robison, however, involved death benefits under the Workmen's Compensation Act. The holding there that "certainly the Insurance Company assumed liability when it made the initial payment and continued the weekly payments subsequently thereafter," undoubtedly announced the law as applied to payments of compensation benefits in a death case, because in such a case if there is any liability at all it is for the full statutory period of 360 weeks. The commencement of payments by the compensation carrier there was an assumption of payment of compensation for the entire statutory period.

Appellee also relied on the case of Otis Elevator Co. v. Allen, Tex.Civ.App., 185 S.W.2d 117, approved by the Supreme Court in 143 Tex. 607, 187 S.W.2d 657. This case also involved death benefits under the Workmen's Compensation Law, and has no application here, where a compromise settlement is reached by the parties and it is approved by the Industrial Accident Board.

The rule is not the same in a case in which a workman has been injured and compensation payments made to him when the extent and duration of his disability are uncertain, indefinite and incapable of being satisfactorily established. In Texas Employers' Insurance Association v. Texas & Pacific Ry. Co., Tex.Civ.App., 129 S.W.2d 746, 750, the court said in part, "The statute [Art. 8307, sec. 6a, R.S.1925] makes the insurance carrier an agent or trustee for the injured employee or beneficiary to bring and maintain action against a negligent third party. The insurance carrier cannot maintain the action either for itself, or in its trust capacity for the employee or beneficiary, until the amount of its liability for Workmen's Compensation 'has been paid or assumed.' This is so because there could be no apportionment of the cause of action

or the amount of recovery thereon as between the insurance carrier in its own right and that of the injured employee or beneficiary represented by it as trustee. In fact, the very existence of any cause of action by the injured employee, or his beneficiary, may, under easily conceivable circumstances, be wholly contingent upon the amount of compensation paid or assumed by the insurance carrier."

The payment of weekly compensation benefits by the insurer to the extent and in the manner as was done in this case, in no way constitutes an admission of liability by the insurer, because it is free thereafter to deny liability and require the claimant to prove his right to recovery. Southern Underwriters v. Schoolcraft, 138 Tex. 323, 158 S.W.2d 991; Davis v. Texas Employers' Insurance Association, Tex.Civ.App., 257 S.W.2d 755. In the instant case, appellant Texas Employers' Insurance Association did not assume payment of compensation to Brooks until the compromise settlement was approved by the Industrial Accident Board.

We hold therefore that limitation did not begin to run against this cause of action when the compensation carrier initiated weekly compensation payments on April 16, 1951.

On authority of Brannan v. Texas Employers' Insurance Association, 151 Tex. 210, 248 S.W.2d 118, we hold that limitation in this case began to run from the date of the approval of the compromise settlement agreement by the Industrial Accident Board on December 19, 1951. There it is held that such an agreement is of no effect whatever until it is approved by the Board.

We believe the trial court erred in holding to the contrary and sustaining the plea of limitation advanced by the appellee in its motion for summary judgment, and the judgment of the trial court is reversed and the cause is remanded for trial on its merits.