**ZURICH INSURANCE COMPANY, Ltd., Appellant,**

v.

**Mrs. Catherine C. REIDER, Appellee.**

No. 16010.

Court of Civil Appeals of Texas.

Fort Worth.

May 15, 1959.

Rehearing Denied June 5, 1959.

Fulbright, Crooker, Freeman, Bates & Jaworski and Newton Gresham, Houston, for appellant.

Patterson, McDaniel & Moore, and Louis M. Moore, Houston, for appellee.

RENFRO, Justice.

Deuah E. Reider died on June 4, 1957, as a result of an accidental injury sustained in the course of his employment. His widow, Catherine C. Reider, on behalf of herself and minor children claimed statutory benefits under the Workmen's Compensation Act. On September 13, 1957, the Industrial Accident Board entered its award directing the carrier, Zurich Insurance Company, Ltd., to pay Mrs. Reider and children the sum of $25 per week for a period of 360 weeks from the date of death of Reider. No appeal was taken from the order. Zurich has paid all weekly payments from June 4, 1957.

In February, 1958, attorneys for Mrs. Reider wrote Zurich requesting that Zurich bring a third party suit against Houston Lighting & Power Company, or, in the alternative, that Zurich agree that Mrs. Reider might bring such suit without constituting an election as contemplated by Section 6a of Article 8307, Vernon's Ann.Civ.St.

Zurich declined to bring the third party suit and advised plaintiff's attorneys it would reserve any rights it might have.

Mrs. Reider then brought this suit against Zurich for declaratory judgment. The trial court entered judgment as follows:

"It is therefore ordered, adjudged, decreed and declared that, inasmuch as the Industrial Accident Board of the State of Texas on the 13th day of September in IAB Cause No. R–58446, made a final award, and no party to said cause filed suit in a court of competent jurisdiction to set aside said award, and the time for the filing of said suit has expired, Section 6a of Article 8307 of the Texas Workmen's Compensation Act will not require a further election on the part of Mrs. Catherine C. Reider in the event she files suit against a third party tort feasor; that Mrs. Catherine C. Reider was required to make only one election un-

der Section 6a of Article 8307, which election she has already made; that notwithstanding Defendant's failure and refusal to bring a third party action, Plaintiff may bring such action without waiving any rights or losing any rights to receive the unaccrued payments under said award; and that Defendant Zurich Insurance Company, Ltd. has assumed to pay the entire amount of compensation awarded to Mrs. Catherine C. Reider by the Industrial Accident Board of the State of Texas on the 13th day of September, 1957, as a matter of law."

Zurich appealed from said judgment.

■ Article 8307, Section 6a, provides that the compensation insurer, in the event compensation is claimed by the beneficiaries of the injured employee, shall be subrogated to the rights of the employee, and that it may enforce same against the negligent third party. Under the authorities, in the event the compensation insurer refuses to bring the third party suit, the injured employee or his representatives may bring such suit. Houston Gas & Fuel Co. v. Perry, 127 Tex. 102, 91 S.W.2d 1052. If the employee or his representatives bring the suit then the compensation carrier is entitled to reimbursement. Fort Worth Lloyds v. Haygood, 151 Tex. 149, 246 S.W.2d 865.

The defendant in this case contends that under the terms of Article 8307, § 6a, Mrs. Reider will waive "future" compensation if she brings suit against the third party.

Neither party has cited authorities directly in point and we have found none.

In Otis Elevator Co. v. Allen, Tex.Civ. App., 185 S.W.2d 117, 120, where the third party filed plea in abatement on ground the compensation payments made to Thrash were voluntarily made and the payments had not matured, this court held: " * * * we are of opinion that Thrash is not compelled to wait until all compensation that is due him under the Workmen's Compensation Laws has been paid to him before he

may sue the third party whom he asserts was guilty of negligence in causing his injuries." The Supreme Court reversed as to one of the plaintiffs in said case, but affirmed the judgment in favor of Thrash and his compensation carrier. Otis Elevator Co. v. Allen, 143 Tex. 607, 187 S.W.2d 657.

In Texas Employers' Ins. Ass'n v. Fish, Tex.Civ.App., 266 S.W.2d 435, Id., Tex. Civ.App., 276 S.W.2d 907, the injured party prosecuted his compensation claim to successful judgment. While motion for new trial was still pending he filed a third party suit. This court held he did not void his election and his judgment in the compensation suit by the mere filing of the third party suit.

In the instant case no appeal was taken by the defendant from the award of the Industrial Accident Board. Plaintiff's claim was a death claim. Defendant owed all or nothing. The Board made its award on that basis. The defendant has complied with the award order. It has at no time taken any steps to deny its obligation to pay the full amount awarded by the Board. " 'The final award of the board unappealed is entitled to the same faith and credit as a judgment of a court.' " 45 Tex.Jur., pp. 752–3, sec. 269.

■ Article 8307, § 6a, provides in part, "and in case the association recovers a sum greater than that paid or *assumed* (emphasis ours) by the association to the employé * * *." When the award to pay death benefits to plaintiff became final, with no appeal having been made by defendant, and defendant continued to make the weekly payments, we think defendant "assumed", as contemplated by the statute, the obligation to pay the full amount of the award to the plaintiff. The cases of Brooks v. Lucky, Tex.Civ.App., 308 S.W. 2d 273, and Buss v. Robison, Tex.Civ. App., 255 S.W.2d 339, lend some support to our conclusion. In our opinion the defendant could have instituted the third

party suit any time after the award became final.

The plaintiff elected to proceed under the compensation statute. She filed her claim with the Industrial Accident Board. The Board made its award. The defendant did not appeal but has continued to comply with the orders made.

■ Bearing in mind that the compensation statute should be construed liberally with a view to accomplish its purpose and to promote justice, we agree with the trial court that plaintiff, in view of defendant's refusal, may bring the third party suit without waiving her rights to the unaccrued payments under the Board's award.

Judgment affirmed.