Francia K. WATSON, Guardian of the Estate of Travis H. Watson, N.C.M., Appellant,

v.

GLENS FALLS INSURANCE COMPANY, Appellee.

No. 15988.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 30, 1972.

Rehearing Denied Dec. 28, 1972.

Foreman, Dyess, Prewett & Henderson, A. D. Dyess, Houston, for appellant.

Fulbright, Crooker & Jaworski, William H. Payne, Russell H. McMains, Houston, for appellee.

PEDEN, Justice.

Appeal from the granting of a summary judgment in favor of a workmen's compensation insurance carrier upholding the carrier's position that the appellant's claim was barred as a matter of law as a result of her election to prosecute her third-party action.

There is no dispute as to the material facts. Mr. Travis H. Watson was severely injured while working in the employ of Shelton W. Greer Co., Inc., a subcontractor of Pence Construction Corp. A claim was filed on Mr. Watson's behalf against Glens Falls Insur. Co. with the Industrial Accident Board, and the Board entered an award in his favor on November 27, 1968. Thereafter on January 3, 1969, the appellant obtained authority from the Probate Court and filed a third-party action against Pence Construction Corp., alleging that Watson's injuries were proximately caused by its negligence. That cause has been concluded. See Pence Construction Corp. v. Watson, 470 S.W.2d 637 (Tex.1971).

Subsequent to her filing of the third-party action, the appellant filed a second claim and received an award from the Industrial Accident Board for medical expenses incurred during the six months following the first award. The injuries in question were the same ones which were the basis of the third-party action. Glens Falls timely appealed the second award of the Board by filing this suit, and the appellant filed a cross-action under the Workmen's Compensation Act for the medical expenses in question.

Mr. Watson's employer, Shelton W. Greer Co., Inc., had executed a written indemnity agreement with Pence Construction Corp. whereby the Greer Co. obligated itself to "protect, indemnity and save Pence Construction Corporation and Owner harmless from any and all claims, suits and actions of any kind or description, for damage or injuries to persons or property received or sustained by any party or parties through or on account of any act or in connection with the work of the Contractor or its agents or servants or sub-contractors, or any default or omission of the Contractor, or its agents or servants or sub-contractors in the performance of this contract, or through the use of improper or defective materials or tools, or on account of injury or damage to adjacent buildings or property occasioned by work under this contract, or through failure to give the usual requisite and suitable notices to all parties, whose persons, estates or premises may be, in any way, interested in or affected by the performance of this work, at its own cost shall defend any and all suits or actions that may be brought against Pence Construction Corporation or Owner by reason thereof, and in the event of the failure of the Contractor to defend such suits Pence Construction Corporation shall have the right and power to defend same and charge all costs of such defense to the Contractor or its Surety.

"The Contractor shall carry Workmen's Compensation and Public Liability insurance with responsible companies satisfactory to Pence Construction Corporation, and in limits of not less than five thousand dollars for any one person and ten thousand dollars for any one accident."

Glens Falls Insurance Co. provided the Greer Co. with both liability and workmen's compensation insurance coverage. The liability coverage included coverage for contractual liability.

The appellant's only point of error is that the trial court erred in granting the appellee's motion for summary judgment because the appellee, as the liability insurance carrier for Shelton W. Greer Co.,

Inc., had no valuable right of subrogation by reason of the indemnity agreement between the Greer Co. as indemnitor and Pence Construction Corp. as indemnitee.

Appellant contends that since the indemnity agreement between Greer and Pence makes Glens Falls both the workmen's compensation insurance carrier and the liability carrier for the third party, Pence, the election provision of Art. 8307, Sec. 6a, Vernon's Ann.Civ.St., should not apply. She points out that our Supreme Court in Employers' Indemnity Corp. v. Felter, Tex. Com.App., 277 S.W. 376, at p. 378 (1925), stated:

> "In the great majority of cases injuries are not the result of the act of third parties, but result from the employment itself. But, realizing that laborers might be injured, while working for the subscriber, by the acts of third parties, the statute attempted to do the right thing under circumstances of that kind. It was not the purpose of the Compensation Act to protect third parties from the consequences of their negligence. The lawmakers, realizing that much larger recoveries could be had by injured people under the common law than under compensation statutes, very wisely left it to the injured person to exercise an option in the premises and seek to recover what seemed to him to be for his best interests. On the other hand, if the injured person preferred compensation, then the lawmakers decided it was right to give to the insurance company the right to make the guilty party pay; hence the act subrogates the insurance company to the cause of action which the injured party himself had against the third party. This is a most valuable right. No one could well deny this conclusion. But the Legislature went further and protected the injured employee by restricting the insurance company in its recovery against the tort-feasor to a return of the amount it had paid out in compensation. If it recovered more than such amount from the tort-feasor, the excess goes to the injured employee. So every effort was made to give to the injured employee every possible advantage, at the same time according to the insurance company a right to recoup its loss if the injury was negligently caused by some third party."

The appellant says that in our case, since Glens Falls was obligated to pay any judgment that the appellant might have recovered against Pence, Glens Falls cannot complain that the right it has lost, the right to sue itself, was the loss of a valuable right, and the appellant should not be held to have made a binding election of remedies. The appellant may have overly simplified the liability factors, but it is not necessary for us to notice them.

The appellee's motion for summary judgment relied on the appellant's admissions on file, which cover the essential facts we have noticed, plus the first sentence of Article 8307, Section 6a, Vernon's Texas Civil Statutes. Such section provides, in its entirety:

> "Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employe may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. If compensation be claimed under this law by the injured employe or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employe in so far as may be necessary and may enforce in the name of the injured employe or of his legal beneficiaries or in its own name and for the

joint use and benefit of said employe or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employe or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employe or his beneficiaries. The association shall not have the right to adjust or compromise such liability against such third person without notice to the injured employe or his beneficiaries and the approval of the board, upon a hearing thereof."

We have been unable to find authority in support of the appellant's position. The statute in question has been upheld many times. The Texas Supreme Court unqualifiedly refused writ of error in Fort Worth Lloyds v. Essley, Tex.Civ.App., 235 S.W.2d 700 (1950), in which it was stated that Section 6a of Article 8307 does not admit of judicial construction and that its provisions are plain, mandatory and in unmistakable terms: if an injured employee elects to proceed at law against a person other than the subscriber he is not entitled to compensation under that law.

Appellant's second claim for compensation benefits was barred by her having filed and prosecuted the third party action. See Argonaut Underwriters Insurance Co. v. Ellis, 335 S.W.2d 388 (Tex.Civ.App. 1960, no writ). We consider that the statute clearly states the consequences of a claimant's election to proceed against a third party and that only the Legislature can provide a different solution to the problem presented by the circumstances in this case.

Affirmed.