Francia K. WATSON, Guardian of Travis H. Watson, N.C.M., Petitioner,

v.

GLENS FALLS INSURANCE COMPANY, Respondent.

No. B–3816.

Supreme Court of Texas.

Feb. 13, 1974.

Rehearing Denied March 13, 1974.

---

Foreman, Dyess, Prewett, Rosenberg & Henderson, A. D. Dyess, Houston, for petitioner.

Fulbright, Crooker & Jaworski, William H. Payne and Russell H. McMains, Houston, for respondent.

SAM D. JOHNSON, Justice.

Mrs. Watson appeals from a summary judgment in favor of Glens Falls Insurance Company, a workmen's compensation insurance carrier. The trial court judgment was affirmed by the court of civil appeals. 489 S.W.2d 322. We affirm.

Mr. Watson was severely injured while working for Shelton W. Greer Company, Inc., a subcontractor of Pence Construction Corporation. Greer Company had an indemnity agreement with Pence Construction Corporation under the terms of which

Greer Company obligated itself to "protect, indemnify and save Pence Construction Corporation and Owner harmless from any and all claims . . . on account of any act or in connection with the work of the Contractor or its agents or servants or sub-contractors . . . ." Glens Falls provided Greer Company with both liability, including contractual liability, and workmen's compensation coverage.

The Industrial Accident Board entered an award in favor of Mr. Watson on November 27, 1968. Thereafter, Mrs. Watson, with permission from the probate court, filed a third-party action against Pence Construction Corporation alleging that her husband's injuries were proximately caused by its negligence. That case proceeded to final judgment. *See* Pence Construction Corporation v. Watson, 470 S.W.2d 637 (Tex.1971). Subsequent to the filing of the third-party action, Mrs. Watson filed a claim and received an award from the Industrial Accident Board for medical expenses incurred during the six months following the first award. *See* Vernon's Annotated Civil Statutes, Article 8307, Section 5.[1] Glens Falls appealed the second award by filing this suit and Mrs. Watson cross-acted for the additional medical expenses in question. The trial court granted Glens Falls' motion for summary judgment, upholding the Carrier's position that Mrs. Watson's claim for the additional medical expenses was barred as a matter of law as a result of her election to prosecute her third-party action.

Specifically, Glens Falls argues that Section 6a[2] precludes further compensation under the Workmen's Compensation Act once an election is made by the filing of the third-party action. The pertinent language in Section 6a is as follows:

"Sec. 6a. Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employé may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, *and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law.*" [Emphasis added.]

Numerous cases have used the statutory language emphasized above to bar an initial claim for compensation filed after the claimant has pursued a third-party action. Employers' Indemnity Corporation v. Felter, 277 S.W. 376 (Tex.Comm'n App.1925, holding approved); Hart v. Traders & General Ins. Co., 144 Tex. 146, 189 S.W.2d 493 (1945). These decisions stress that the function of Section 6a is to protect *both* the injured workman's right to a recovery from a negligent third party and the carrier's right to recoup funds paid in response to a workmen's compensation claim from the same negligent third party. *See* Employers' Indemnity Corporation v. Felter, *supra.* The carrier is entitled to recoupment of its claims first to the extent of all compensation paid. Fort Worth Lloyds v. Haygood, 151 Tex. 149, 246 S. W.2d 865 (1952). Under Section 6a the employee is entitled to any portion of the judgment in excess of the workmen's compensation benefits which have been paid plus reasonable litigation costs. To protect the carrier's subrogation rights in the third-party action, the statute cuts off the compensation rights of an employee who does not pursue his claim for compensation first.

Mrs. Watson's contention in the court of civil appeals and here is that the dual role of the Insurance Company in this case as both the liability and workmen's compensation carrier for Greer Company calls for an exception to Section 6a. She asserts that because Glens Falls was indemnitor in any third-party action against Greer Com-

---

1. All further cites to Vernon's Ann.Civ.Stat., Art. 8307.

2. Sec. 6a has since been amended.

pany, there was no incentive for Glens Falls, as the workmen's compensation carrier, to use its right of subrogation in a third-party action. As authority for creating this exception to Section 6a, Mrs. Watson cites Czaplicki v. The Hoegh Silvercloud, 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387 (1956). *Czaplicki*, like the instant case, involved an insurer on both sides of a third-party action. However, under the Longshoremen's and Harbor Workers' Compensation Act, a longshoreman who filed a compensation claim by statute assigned his cause of action against a negligent third party to the compensation carrier. The court in *Czaplicki* held that the longshoreman had *standing* to pursue his third-party action despite the assignment because the compensation carrier's conflict of interest foreclosed the possibility of a third-party action.

■ Under Texas law the employee has *standing* to pursue a third-party claim subsequent to a compensation award whether or not the insurance company refuses to do so. *See* Zurich Insurance Company v. Reider, 324 S.W.2d 428 (Tex.Civ.App.—Fort Worth 1959, no writ). Hence, the problem with standing that occupied the Supreme Court of the United States in *Czaplicki* is not before this court. The Carrier in the instant case was in the same position as the carrier in *Czaplicki*, however. Glens Falls, or any other carrier, would understandably be unwilling to seek a recovery from itself. As a result, Mrs. Watson would be left to pursue the third-party action on her own.

Glens Falls argues and the courts below have held that pursuit of this third-party action precluded any subsequent award of medical payments under Section 5. If the election to sue a third party under Section 6a precludes further medical payments under Section 5, any claimant in Mrs. Watson's position would have to choose between future medical payments and a third-party suit, given the understandable reluc-

tance of an insurance company to sue itself as indemnitor.

■ However, the court is of the opinion that the Legislature did not intend to include future medical payments within the election provision of Section 6a. The legislators who enacted Section 6a in 1917 did not draft the statute with future medical payments in mind; the objective was to protect the compensation carrier's subrogation rights to the initial award. Medical payments were nonexistent in 1917. The 1957 amendment to Section 5 for the first time says, "the Board shall have *continuing* jurisdiction in the same case to render successive awards . . . ." [Emphasis added.] When Section 6a is applied to the instant case to defeat not the initial award but the Board's continuing jurisdiction to dispense medical payments, the policy behind the old restriction in Section 6a breaks down. The insurance company may act alone in filing a third-party action. Sec. 6a; 63 TEX.JUR.2d Workmen's Compensation § 239 at 192. *Cf.* Zurich Insurance Company v. Reider, *supra*. The carrier acting alone, however, cannot cut off the employee's rights for future medical payments; Section 6a speaks only of the *employee's* election. Therefore, the election would operate only when the insurance company, as here, does not file suit against the third party. Instead of medical payments for as long as necessary, under the Glens Falls interpretation of Section 6a and Section 5, the employee can file claims only until the statute of limitations filing deadline; at that point, he must choose between a third-party action and medical payments. These two sections of the statute should not be read so as to discriminate against employees who must file their own suits because the carrier will not. A harmonizing of the statute leaves only one conclusion; the Legislature did not intend to include future medical payments within the election provision of Section 6a. The recent amendment to Section 6a bears this

out.[3] Section 6a now considers any excess over the initial compensation claim recovered in a third-party action as an advance against future medical payments. When this "advance" is exhausted the compensation carrier resumes payment of medical expenses. Argonaut Underwriters Insurance Company v. Ellis, 335 S.W.2d 388 (Tex.Civ.App.—Eastland 1960, no writ), cited by Glens Falls for authority to the contra, arose before Section 5 was amended in 1957, giving the Board continuing jurisdiction to give medical payment awards.

Notwithstanding the foregoing, Mrs. Watson brings the instant case to this court possessed of a fatal deficiency. In her brief to the court of civil appeals, Mrs. Watson preserved only one point which reads as follows:

"THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE APPELLEE, BEING THE LIABILITY INSURANCE CARRIER FOR SHELTON W. GREER CO., INC., HAD NO VALUABLE RIGHT OF SUBROGATION BY REASON OF THE INDEMNITY AGREEMENT BETWEEN SHELTON W. GREER CO., INC., AS INDEMNITOR, AND PENCE CONSTRUCTION CORPORATION AS INDEMNITEE."

■ Mrs. Watson's point and argument *make only one contention,* that the Insurance Carrier's conflict of interest calls for an exception to the election provision of Section 6a. This point concedes the applicability of Section 6a, and nowhere does Mrs. Watson argue that medical payments do not fall within the ambit of Section 6a. Hence, Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119 (Tex.1970), precludes any recovery by Mrs. Watson since she neither challenged the summary judgment on the correct ground nor preserved the correct ground via a general assignment of error in granting the summary judgment.

It is true that Mrs. Watson's motion for rehearing in the court of civil appeals was more expanded. The points on such motion, which are all but identical to those contained in her application for writ of error to this court, are as follows:

"The Court of Civil Appeals erred in holding that the trial court was correct in granting Appellee's Motion for Summary Judgment.

"The Court of Civil Appeals erred in holding that Sec. 6a of Article 8307, Vernon's Texas Civil Statutes, does not admit of judicial construction under the circumstances in this case.

"The Court of Civil Appeals erred in holding that Appellant's second claim for compensation benefits was barred by her having filed and prosecuted the Third Party action under the circumstances in this case."

The court cannot say the court of civil appeals erred in refusing to reverse a case on a point raised for the first time in the motion for rehearing. "A point not assigned as error in the Court of Civil Appeals cannot be considered here." Texas State

---

3. The 1973 amendment of Sec. 6a reads as follows:

"If at the conclusion of a third party action a workmen's compensation beneficiary is entitled to compensation, the net amount recovered by such beneficiary from the third party action shall be applied to reimburse the association for past benefits and medical expenses *paid and any amount in excess of past benefits and medical expenses shall be treated as an advance against future benefit payments of compensation to which the beneficiary is entitled to receive under* *the Act.* When the advance is adequate to cover all future compensation and medical benefit payments as provided by this law, no further payments shall be made by the association *but if insufficient, the association shall resume such payments when the advance is exhausted.* The reasonable and necessary medical expenses incurred by the claimant on account of the injury shall be deducted from the advance in the same manner as benefit payments." [Emphasis added.]

Highway Department v. Fillmon, 150 Tex. 460, 242 S.W.2d 172, 174 (1951); Rule 469(c), Texas Rules of Civil Procedure.

The judgment of the court of civil appeals is affirmed.

McGEE, J., notes his dissent.