James N. SEWARD, Appellant,

v.

Cecil A. ROBINSON, M.D., Appellee.

No. 6493.

Court of Civil Appeals of Texas, El Paso.

March 31, 1976.

Rehearing Denied April 20, 1976.

James D. Cunningham, Odessa, for appellant.

Finley & Scogin, Kermit, Shafer, Gilliland, Davis, Bunton & McCollum, Inc., W. O. Shafer, James M. O'Leary, Odessa, for appellee.

## OPINION

OSBORN, Justice.

This is a medical malpractice suit involving the question of whether or not proceeding to judgment for medical expenses only, under the Workmen's Compensation Act, will toll the statute of limitations against a third party treating physician, where the claimant has previously been paid all compensation payments which he was entitled to receive under the law. The trial Court sustained a plea of limitations and entered summary judgment for the third party physician. We affirm.

The Appellant sustained an accidental injury in the course of his employment on November 19, 1969. On December 2, 1969, Appellee performed back surgery on Appellant. In February, 1972, the compensation carrier for Mr. Seward's employer paid him $18,226.27 as compensation for total and permanent disability, although there was no final award nor judgment for compensation. Mr. Seward subsequently filed a claim for medical benefits and, following an appeal from the award of the Industrial Accident Board, a District Court judgment was entered on April 4, 1973, awarding him $10,447.30 for past medical benefits. This malpractice case was filed on April 16, 1974, nearly 26 months after payment of compensation, but only 12 months after the judgment for medical benefits. The trial Court sustained Appellee's contention that the suit was barred by the two-year Statute of Limitations.

Appellant presents two similar points of error urging that limitations on the cause of action against the doctor did not begin to run until the entry of judgment in the claim for medical benefits on April 4, 1973, and that suit was filed within two years from that date.

None of the facts are in dispute. Mr. Seward was paid in full for his incapacity from the back injury by a single check from the compensation carrier in February, 1972. Apparently, no claim was filed with the Industrial Accident Board and no Compromise Settlement Agreement was ever filed or an award made for compensation benefits. The subsequent claim, suit and judgment did not provide for compensation benefits, but only dealt with past medical expenses.

Appellee contends that limitations commenced to run with the payment of

total compensation benefits by the compensation carrier in February, 1972. We agree. Prior to September 1, 1973, Article 8307, Sec. 6a, Tex.Rev.Civ.Stat.Ann., provided in part as follows:

"Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employe may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. * * *"

Thus, the injured employee was given an election to either sue the third party whose negligence caused his injury or to make a claim for workmen's compensation benefits. *Fort Worth Lloyds v. Haygood*, 151 Tex. 149, 246 S.W.2d 865 (1952). If the third party suit was pursued to judgment, it constituted an election of rights which would bar a subsequent compensation claim. *Texas Employers Ins. Ass'n. v. Brandon*, 126 Tex. 636, 89 S.W.2d 982 (1936); *Texas Employers' Ins. Ass'n v. Fish*, 266 S.W.2d 435 (Tex.Civ.App.—Fort Worth 1954, writ ref'd n.r.e.); *Miller v. D & H Rig Service*, 497 S.W.2d 539 (Tex.Civ.App.—El Paso 1973, writ ref'd); Election of Remedies Under the Texas Workmen's Compensation Act, 11 Baylor L.Rev. 193 (1959). And where the compensation claim was pursued first, there was no election and limitations did not begin to run on the third party claim until the compensation claim was concluded, if it be successful. *Campbell v. Sonford Chemical Company*, 486 S.W.2d 932 (Tex.1972); *Yeary v. Hinojosa*, 307 S.W.2d 325 (Tex.Civ.App. —Houston 1957, writ ref'd n. r. e.). In the *Campbell* case, supra, the court said:

" * * * limitation runs against * * the employee in third-party actions authorized by Section 6a from the date of the payment of the award of the Industrial Accident Board or the entry of final judgment against the carrier. * * *"

The Court went on the urge that the Legislature consider an amendment of Section 6a so as to allow the third party's suit without a waiver of compensation benefits. Also see *Fort Worth Lloyds v. Haygood*, supra, Dissenting Opinion by Justice Wilson. Such amendment was passed and became effective September 1, 1973.

In a subsequent case involving the interpretation of Section 6a prior to the amendment, the Texas Supreme Court, in *Watson v. Glens Falls Insurance Company*, 505 S.W.2d 793 (Tex.1974), held that an election to pursue a third party did not constitute an election which would cut off future medical benefits under the Workmen's Compensation Act. Thus, the Court clearly distinguished between a claim, or suit for compensation, and one for medical benefits insofar as the effect of Section 6a and the election of remedies is concerned.

Although there was no Board award or final judgment to establish liability for compensation to Mr. Seward, it is undisputed that he was paid $18,226.27, and in his deposition he acknowledged that he was paid for total and permanent disability. Prior to the 1973 amendment to Section 6a, limitations began to run at the time the compensation claim was disposed of, for only then did the carrier become subrogated and the rights of the employee and carrier become established with regard to the proceeds of any third party settlement or judgment.

In *Texas Employers' Ins. Ass'n. v. Brandon*, supra, the Court held that the subrogation right matured when "the insurer has paid or assumed to pay compensation." Similar language is found in *Texas Employers' Ins. Ass'n. v. Texas & P. Ry. Co.*, 129 S.W.2d 746 (Tex.Civ.App.—Eastland 1939, writ dism'd jdgmt cor.), where the Court concluded that, "the cause of action against the third party accrues when compensation, or judgment, is paid or assumed by the carrier." On motion for rehearing in that case, the Court said:

" * * * Plainly, we think, limitations could not begin to run against either the

insurance carrier on the one hand, or the employee or beneficiary on the other, until the fact of the amount of payment or assumption of the payment of compensation existed."

Very similar language appears in *Thompson v. Graham*, 318 S.W.2d 102 (Tex.Civ. App.—Eastland 1958, writ ref'd n.r.e.). where the Court stated:

"The authorities hold that such a cause of action accrues—and limitation starts to run against it—when compensation is paid or liability therefor is assumed by the insurer.   *   *   *"

■ We conclude that the judgment for medical benefits did not affect the issue of limitations where all compensation which the claimant might seek had been paid and the carrier thereby became subrogated, and the rights of both the employee and carrier to pursue a third party claim were fixed by such payment.

Appellant urges that such a result starts limitations running on the third party claim for medical benefits made by the carrier before such payments are ever made. Of course, that is the result under the statute after the 1973 Amendment, not only as to medical payments, but as to compensation benefits also. Had either the carrier or employee sued within two years after the payment in February, 1972, an allegation could have been made for past and future medical expenses so as to protect the carrier's subrogation rights for such payments as were made after the compensation claim was paid and limitations began to run.

In oral argument, Appellee also raised an interesting question of whether or not limitations should not begin to run in a malpractice case from the date of the alleged malpractice, because the suit in such a case is not a true third party suit, since the doctor did not cause the on-the-job injury for which compensation is payable and, having not caused the initial injury, he cannot be liable for damages resulting therefrom, but only for damages arising from any aggravation resulting from his malpractice. 63 Tex.Jur.2d, Workmen's Compensation,

§ 232; also see *Pedigo & Pedigo v. Croom*, 37 S.W.2d 1074 (Tex.Civ.App.—Eastland 1931, writ ref'd); Larson's Workmen's Compensation Law, Vol. 2A, Sec. 72.60 et seq. (1976). In view of the conclusion that we have heretofore reached, and since the 1973 Amendment of Section 6a has effectively eliminated the problem in future cases, we need not pass upon that question in this case.

The judgment of the trial Court is affirmed.

PRESLAR, Chief Justice (concurring).

I concur in the affirmance of the trial Court judgment, but I would affirm on the additional theory discussed in the final paragraph of the majority opinion.

In my view, Article 8307, Sec. 6a, has no application to this malpractice suit for something which happened in the course of treatment after the injury. The physician had nothing to do with the injury for which compensation was sought. Clearly, Sec. 6a of Article 8307 is concerned only with that injury. It provides:

"Sec. 6a. Where the *injury for which compensation is payable* under this law was caused under circumstances creating a legal liability in some person other than the subscriber   *   *   *." (emphasis added)

The section then goes on to provide the options and other matters as discussed in the majority opinion, but all relating only to "the injury for which compensation is payable." The physician in this case was not sued for causing that injury and that provision of the law has no application to this suit. The quoted portion of Sec. 6a is unchanged by the 1973 Amendment. I would hold that Sec. 6a has no application to this suit; therefore it does not alter the running of the two-year statute of limitations, Article 5526, Tex.Rev.Civ.Stat.Ann., which controls this case.