Katherine SIMON, Appellant,

v.

CHEVRON U.S.A., INC., Appellee.

No. 09–89–249 CV.

Court of Appeals of Texas, Beaumont.

Aug. 30, 1990.

Rehearing Denied Sept. 18, 1990.

Glen W. Morgan, Alto Watson, III, Reaud, Morgan & Quinn, Beaumont, for appellant.

Richard Scheer, Strong, Pipkin, Nelson & Bissell, Beaumont, for appellee.

## OPINION

BURGESS, Justice.

This is an appeal from the granting of the defendant's motion for partial summary judgment. Katherine Simon ("Simon") sued Chevron U.S.A., Inc. ("Chevron") for personal injuries sustained by her while working on Chevron's premises as a janitor employed by Texas Industrial Maintenance, Inc. ("TIM"). Chevron's motion for partial summary judgment claimed it was entitled to a credit against any eventual recovery by Simon in the amount of her medical expenses and workers compensation benefits. Chevron claimed the credit because the insurance contract between TIM and its carrier, Texas Employers' Insurance Association ("TEIA"), included a clause whereby TEIA waived its right of subrogation in third-party negligence suits against organizations with which TIM had agreed by written contract to obtain a waiver. Chevron, then Gulf Oil Corporation, had such a contract with TIM. The trial court granted the motion for partial summary judgment, severed the claim and entered a final judgment that Chevron be credited $24,944.87 against any damages found against it. Simon raises three points of error.

Point of error one is the trial court erred in granting the summary judgment because the "one recovery" rule has been abrogated in Texas. Point of error two is the trial court erred in granting the summary judgment because Chevron was allowed to assert a credit which was not assigned to nor owned by Chevron. Chevron replies that the trial court properly granted summary judgment because there is no genuine issue of material fact and Simon is not entitled to a double recovery as a matter of law, and also claims the legal issues raised by Simon are immaterial. We will address these two points of error together.

Chevron based its motion for summary judgment on the contention that Simon had already been paid over $24,000

for the injury, that her cause of action exists only for those damages found by the jury to be in excess of that amount, and Chevron was therefore entitled to a credit in the amount of the compensation benefits paid against any damages found by the jury. In support of its proposition, Chevron cites *Mitchell v. Dillingham*, 22 S.W.2d 971 (Tex.Civ.App.—Eastland 1929, writ dism'd), and the cases following the rule stated therein. Those cases state the rule that the employee is entitled to recover only that portion of the amount of damages sued for which is in excess of the amount of compensation paid him. However, each of the cited cases concerned issues of existing subrogation rights. The right to subrogation did not exist at common law but is strictly statutory. *Traders & General Ins. Co. v. West Texas Utilities Co.*, 140 Tex. 57, 165 S.W.2d 713 (Tex.Comm'n App.1942, opinion adopted); *See* TEX.REV.CIV. STAT.ANN. art. 8307 sec. 6a (Vernon Supp.1990). The insurer's right to subrogation may be altered by contract. *Otis Elevator Co. v. Allen*, 185 S.W.2d 117 (Tex. Civ.App.—Fort Worth 1944) *aff'd in part, rev'd in part*, 143 Tex. 607, 187 S.W.2d 657 (1945); *Foster v. Langston*, 170 S.W.2d 250 (Tex.Civ.App.—San Antonio 1943, no writ). The workers compensation policy contained an endorsement which specifically waived the insurer's right to recover payments from anyone liable for an injury covered by the policy. The contract thus waived TEIA's statutory subrogation rights. It did not assign those rights to Chevron or any other party. Since the right to subrogation is statutory and was not transferred, there is no party in this suit who is entitled to interject a claim to the first money in appellant's possible recovery.

Chevron urged in support of its motion for summary judgment that denying Chevron the credit for the benefits paid to Simon would result in a double recovery by Simon. Appellant argues that this is nothing more than the old "one recovery" rule expressed in *Bradshaw v. Baylor University*, 126 Tex. 99, 84 S.W.2d 703 (Tex. Comm'n App.1935, opinion adopted), and that *Bradshaw* was completely overruled in *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex.1984). The question in *Duncan* was whether a strictly liable manufacturer in a products liability case was entitled to contribution from the settling co-defendant. However, the rationale in *Duncan*, that there is no unjust enrichment because the settling party agreed to pay and the non-settling party is not affected by the settlement, is appropriate. Furthermore, there is no right of contribution against the employer in an employee's third party negligence action. *Varela v. American Petrofina Co. of Texas*, 658 S.W.2d 561 (Tex.1983). The wrongdoer should not have the benefit of insurance independently procured and to which the wrongdoer was not privy. *Brown v. American Transfer & Storage Co.*, 601 S.W.2d 931 (Tex.) *cert. denied* 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474 (1980). Article 8307 sec. 6a balances the workers compensation system and third party negligence actions. However, if TEIA waived its rights in this action, Chevron is not damaged by the waiver because it is liable for no more than it would be in its absence. If the parties to the insurance contract had intended to give Chevron the credit for benefits paid, they would have executed an assignment. Where there is a waiver there is nothing to subrogate the plaintiff's recovery. It follows that as a matter of law Chevron cannot be entitled to a credit against its own negligence. We sustain point of error two, reverse the summary judgment of the trial court and render judgment that Chevron U.S.A., Inc. take nothing of its claim for a credit against Katherine Simon.

REVERSED AND RENDERED.