James HATLEY, Petitioner,

v.

TEXAS A & M UNIVERSITY,
Respondent.

No. 97–0229.

Supreme Court of Texas.

Argued Dec. 2, 1997.

Decided Jan. 16, 1998.

Laurence W. Watts, Aaron J. Bennett, Houston, for Petitioner.

Sarah L. Anderson, Dan Morales, Austin, for Respondent.

BAKER, Justice, filed a concurring opinion in which SPECTOR, ABBOTT and HANKINSON, Justices, joined.

James Hatley sued Texas A & M at Galveston for violating his state constitutional rights of free speech and due course of law. His first amended petition prayed only for monetary damages. A & M filed a plea to the jurisdiction asserting sovereign immunity. Hatley filed a second amended petition praying for reinstatement as well as monetary damages. The trial court sustained A & M's plea to the jurisdiction and dismissed Hatley's suit. Hatley appealed. The court of appeals affirmed the trial court's dismissal order.

Hatley's sole point of error in the court of appeals stated:

The District Court erred by dismissing plaintiff's claims on the basis that the Constitution of the State of Texas does not provide an independent cause of action *for monetary relief* and because state sovereign immunity shields liability for violations of the state constitution.

(Emphasis added.) Hatley's brief in the court of appeals argued for a constitutional cause of action for monetary damages and asserted that sovereign immunity does not bar his claim. A fair construction of Hatley's brief in the court of appeals reveals that Hatley did not argue his present assertion for equitable relief. Although he pleaded a cause of action for equitable relief in the trial court, Hatley did not raise his claim for equitable relief in the court of appeals until his motion for rehearing.

Hatley's sole point of error before this Court is that sovereign immunity does not bar his claim for equitable relief arising from A & M's alleged violations of his state constitutional rights. This Court cannot consider a point not assigned as error in the court of appeals and raised for the first time in a motion for rehearing. *See Watson v. Glens Falls Ins. Co.,* 505 S.W.2d 793, 797 (Tex. 1974). For these reasons, I concur with the Court's order withdrawing the order granting Hatley's application for writ of error as improvidently granted and denying Hatley's application.